EMILY E. HUTCHINSON, Appellant, v. FRANK OLBERDING, ET AL.

**Real property:** LEGAL TITLE: LIMITATION OF ACTIONS. The term "legal title," as used in the statute barring the claim of a spouse not joining in a conveyance with the holder of the legal title, is not limited to cases where the grantor held title by deed: So that a purchaser's interest in land by virtue of a contract of sale is within the contemplation of the statute.

*Appeal from Carroll District Court.*—HON. ZALA A. CHURCH, Judge.

TUESDAY, MARCH 7, 1911.

ACTION in equity for the recovery of the plaintiff's distributive share in land owned by her husband. Decree for the defendants. The plaintiff appeals.—*Affirmed.*

*C. C. Cole* and *P. P. Pinkerton,* for appellant.

W. C. Saul, for appellees.

Sherwin, C. J.—The plaintiff is the widow of George E. Hutchinson, who died in 1904. Her husband became the owner of an interest in the land in question by virtue of a contract for its purchase from the Iowa Railroad Land Company and took possession thereof. He afterward assigned his contract, and his assignee paid for the land and took title thereto in 1876. The plaintiff made no relinquishment of her statutory interest in the land, and the defendants are holders under the purchasers from the railroad company. This is the second appeal in this case; the opinion on the first appeal is reported in 136 Iowa, 346. The original petition was filed on February 2, 1906. A demurrer to said petition was sustained generally, and, upon appeal to this court, it was held that the demurrer was rightly sustained, because the petition did not allege that the defendants were purchasers with notice of the plaintiff's claim. A rehearing was asked, but it was denied on the 19th of November, 1907. On the 3d of February, 1908, the present petition was filed, in which it was alleged that the defendants and their grantors were purchasers with notice of the rights and claims of the plaintiff. The defendants answered, pleading a former adjudication and the statute of limitations. Those pleas were held good, and the plaintiff's action was dismissed. Whether there was a former adjudication we need not determine, because we are of the opinion that the present action is barred.

The Thirty-first General Assembly passed an act, which is now section 3447b, Code Supp. 1907, providing as follows, so far as material here: "In all cases where the holder of the legal title to real estate situated within this state, prior to the first day of January, 1885, conveyed said real estate or any interest therein by deed, mortgage or other conveyance, and the spouse failed to

join therein, such spouse or the heirs at law shall be barred from recovery unless suit is brought therefor within one year after the taking effect of this act. But in case the right to such distributive share has not accrued by the death of the spouse making such conveyance, then the one not joining is hereby authorized to file in the recorder's office of the county where the land is situated a notice with affidavit, setting forth affiant's claim, together with the facts upon which such claim rests and the residence of such claimant; and if such notice is not filed within two years from the taking effect of this act, such claim shall be forever barred." This act became effective on the 4th day of July, 1906, and it is relied upon as a bar to the present action, which was commenced in February, 1908. If this special limitation statute should be applied to the conditions existing here, the action is unquestionably barred. The husband conveyed his interest in the land prior to the 1st day of January, 1885, and he died in September, 1904. The statute became effective in 1906, and the present action was not commenced until eighteen months later; whereas it should have been brought within one year after the taking effect of the act.

The appellant contends that section 3447b is not controlling, for the reason that the plaintiff's husband was not the owner of the legal title to the land; that his interest was only an equity, evidenced by a contract of sale which he afterward assigned. While the statute under consideration uses the words "legal title," we do not think the Legislature intended to limit its effectiveness to cases where the spouse had in fact taken a deed. A deed is not always necessary to convey legal title. "As applied to real estate, title is generally defined to be the means whereby the owner of lands has the just possession of his property." 28 Am. & Eng. Enc. of Law, 232. Title is said to be "the lawful cause or ground for possessing that which is ours." *Hunt v. Eaton,* 55 Mich. 365 (21 N. W.

## ERRATUM

"A rehearing in the case of Waterloo Lumber Co. vs Des Moines Insurance Co. was granted May 11th, 1911, and the case is therefore prematurely published at this time.

429); *Merrill v. Ins. Co.*, 73 N. Y. 452 (29 Am. Rep. 184). One having the right of possession has legal title. *Rodgers v. Palmer*, 33 Conn. 155; *Roberts v. Wentworth*, 5 Cush. (Mass.) 192; *Carroll v. Rigney*, 15 R. I. 81 (23 Atl. 46). Title in its ordinary acceptance is not understood to mean a perfect title. *Irving v. Brownell*, 11 Ill. 403. While a legal title is sometimes distinguished from an equitable one, we are of the opinion that the Legislature did not intend to restrict the operation of the statute to cases where there was a paper title placed on record. We think the intent was to require all parties claiming under section 3366 to follow the course pointed out in the statute. The words "legal title" do not seem to have been often judicially defined, but under a statute providing that the widow of any decedent should be entitled to dower in the land of which her husband had during coverture the legal title, etc., the words "legal title" were held to mean a title by which the husband had such a seisin of the land as would have entitled his widow to dower under the common law. *Nottingham v. Calvert*, 1 Ind. 527.

In her reply argument, the appellant attempts to apply section 3455 to the facts of this case, but as no reference thereto was made in the opening argument, we can not, under the rules, consider it.

We reach the conclusion that this action was barred, and the judgment is *affirmed*.