WILLIAM H. UPTON, Appellant, v. LUCY B. SMITH, Appellee.

**SPECIFIC PERFORMANCE:** Defective Abstract of Good Title as 1 Defense. An abstract of title sufficient to satisfy a contract calling for "good title" must show a fee—a marketable title, which can be again sold to a person of reasonable prudence. Record abstract of title reviewed, and held not good, because of (a) indefiniteness of title, (b) want of title (in part), and (c) an outstanding easement.

**VENDOR AND PURCHASER:** Curing Substantial Defects by Means 2 of Affidavits. A vendor, obligated to furnish an abstract of title showing "good" title, may not, *by means of recorded affidavits*, purge his title of *substantial* defects. (See Sec. 2957, Code, 1897.) So held where the vendor sought, by means of recorded affidavits, (a) to supply missing links of title, and (b) to establish adverse possession.

*Appeal from Henry District Court.*—JAMES D. SMYTH and OSCAR HALE, Judges.

FEBRUARY 8, 1918.

REHEARING DENIED MAY 10, 1918.

SUIT for specific performance of a contract of purchase

resulted in the dismissal of the petition. The plaintiff appeals.—*Affirmed.*

*A. W. Kinkead,* for appellant.

No appearance for appellee.

LADD, J.—The parties hereto entered into a written agreement, September 9, 1914, by the terms of which defendant undertook to purchase "Blocks 3 and 4 of College 2d Addition to the city of Mt. Pleasant, together with the alley running east and west through said blocks, and the west half of the 60-foot street running north and south between the south half of said Block 3 and the south half of said Block 2 of said addition, for the price and sum of $2,600. Said Upton is to furnish an abstract of title to said premises, showing good title in him and freedom from incumbrance, and on the 15th day of December, 1915, is to make and deliver to said Smith a good and sufficient warranty deed, when possession is to be given and said consideration paid."

1. SPECIFIC PERFORMANCE: defective abstract of good title as defense.

The plaintiff tendered a deed such as required by the contract, and with it an abstract of title; but defendant refused to perform, and, in a petition alleging the above facts and continuing the tender in the petition, the date of performance is sought to be corrected, and a decree of specific performance prayed.

The defendant interposed a general demurrer, and it was sustained. Thereupon, an amendment to the petition, with addenda added to the abstract, was filed, and motion of defendant to strike was overruled. A demurrer was sustained on the grounds of want of equity, that the abstract of title furnished was not such as stipulated, and that there had been unreasonable delay in the matter of performance by plaintiff; and, as plaintiff elected to stand on the ruling, the petition was dismissed. Only the ruling on the suffi-

ciency of the abstract of title need be considered. By good title is meant nothing less than an estate in fee, a marketable title, or one which can again be sold to a reasonable purchaser. *Fagan v. Hook,* 134 Iowa 381.

The term "abstract of title" has reference to the record title, and not to extrinsic evidence thereof and links lacking therein; and adverse possession may not be made or be supplied and made matter of record by the making and recording of affidavits. *Fagan v. Hook,* supra.

2. VENDOR AND PURCHASER: curing substantial defects by means of affidavits.

William C. Stevenson became owner of the SW¼ of Section 4 in Township 71 North, of Range 6, in Henry County, in 1841. Upon his death, title passed to his widow and son, who conveyed by warranty deed a tract of 44 acres to Thomas E. Corkhill and Austin Coleman, on November 6, 1854, under the following description:

"Com. 20 Chains S. of NE cor. SW ¼ Section 4-71-6, W. 40 chains; S. 11 chains, E. 40 chains, N. 11 chains to p. B., 44 a."

Coleman conveyed all his interest therein to Corkhill, and the latter, on March 1, 1856, deeded to William Kneen land described as "corn. Com. at NE cor. of 44 acres conveyed by James Putnam and wife and Diana Smith to T. E. Corkhill and Austin Coleman in Nov., 1854, S. 151½ feet, W. 69.7 rods, N. 151½ feet, E. 69.7 rods to p. b., 4 acres." A few days later, he conveyed to Hugh Gibson a tract of same dimensions, immediately south of the above, and Gibson transferred the same to Kneen. In the month following, Thomas E. Corkhill executed a deed to Kneen, with description following:

"About 1¼ acres lying next W. of and adjoining a tract of 8 acres sold by T. E. Corkhill to said Kneen and Hugh Gibson, in the NE corner of the tract of 44 acres purchased by T. E. Corkhill and A. Coleman from James Put-

nam and wife and others; the said 1¼ acres lies E. of land
sold to McDivitt and W: H. Corkhill. We convey this sub-
ject to right of way of William H. Corkhill, A. McDivitt and
Joseph Brooks according to their several contracts in that
respect. Also we quitclaim to said Wm. Kneen all our in-
terest in the N½ of a strip of land 60 feet wide lying S. of
and adjoining the above mentioned 8 acres, and the above
1¼ acres."

Kneen caused a plat known as College 2d Addition to
Mt. Pleasant to be filed April 23, 1857, commencing at the
NE corner of the SE¼ SW¼ of the section marked A on

PLAT OF COLLEGE 2ND ADDITION TO MT. PLEASANT, IOWA.

said plat. It will be observed that Kneen acquired of Cork-
hill and Gibson a strip of land 303 feet wide and 69.7 rods
long, with the northeast corner corresponding with "A" on
the plat, but about 10 rods longer than this strip: Does the
last description quoted include such area? It will be noted
that the "metes and bounds" are not given, nor its area stated
any more certainly than "about 1¼ acres." The section,
township, and county in which located are not stated, nor is
that of the 44 acres said to have been purchased by Corkhill
and Coleman, nor that of the 8 acres sold to Kneen and Gib-
son. It cannot be assumed, in the absence of any showing to
the contrary, that the conveyances previously mentioned were
necessarily those intended. For all that appears, the convey-
ances mentioned may have had reference to others, and there
may have been no more than a coincidence. Again, the con-
veyance was "subject to right of way" of the three persons

named, "according to their several contracts in that respect." This charged subsequent purchasers with notice of the reservation of a right of way, and nothing of record indicated its abandonment. For all that appears of record, this may still exist. In any event, title to any land west of the strip ac-quired by Kneen from Corkhill and Gibson is not shown to have been in Kneen; and therefore, in so far as the record indicates, Corkhill may still retain ownership of land designated as Lot 4 and considerably more, and the easement of the right of way may continue as a burden of the fee. This being so, it cannot be said that the abstract exhibited a good title in plaintiff, or that he tendered same, or that he was able to perform.

The demurrers were rightly sustained, and the decree dismissing the petition is—*Affirmed.*

PRESTON, C. J., EVANS and GAYNOR, JJ., concur.