LYDIA P. MEYER, Appellant, v. W. H. VAN RIPER et al., Appellees.

**VENDOR AND PURCHASER:** Rescission by Purchaser—Curing Defective Abstract. A purchaser may not rescind the contract of purchase on the ground that the title as shown by the abstract did not conform to the contract, when all defects therein were, as contemplated by the contract, removed before the day when the deal was to be finally closed.

*Appeal from Franklin District Court.*—R. M. WRIGHT, Judge.

NOVEMBER 21, 1922.

OPINION states the case.—*Affirmed.*

*William A. Cook* and *Dick Voogd,* for appellant.

*Duncan Rule* and *John M. Hemingway,* for appellees.

DE GRAFF, J.—This is an action in equity by the plaintiff

and assignee of the purchaser to rescind a contract of sale of real estate and to recover the initial payments made on said contract. The contract was entered into July 1st, 1919 between the defendants and D. S. Meyer, plaintiff's assignor, and by the terms thereof ·defendants agreed to convey 120 acres of Franklin County, Iowa land, and in consideration thereof plaintiff's assignor agreed to pay $1,000 at the date of the contract, $5,000 March 1, 1920 and to assume a first mortgage due May 1st, 1922 for $6,000 and to execute a second mortgage for the balance in the sum of $12,600 payable in 10 years with interest at the rate of 5½ per cent.

It also contains the following clause: "It has been agreed by the party of the first part to renew the second mortgage May 1st, 1922 for such sum as can be secured in a first mortgage when said first mortgage is due. The abstract is to be furnished at Aplington, Iowa on or before June 1st, 1920, and possession to be given to the property on or before March 1st, 1920."

The record does not disclose any other condition or provision material to this controversy. It appears that the defendant-vendors on September 3rd, 1919 executed a proper deed to the plaintiff in conformity with the 'contract and left it with the Aredale Savings Bank to be delivered upon the consummation of the deal. The abstract of title was also delivered to the cashier of said bank. Both deed and abstract were sent to the vendee at Waterloo his then place of residence during the first week in March, 1920. The vendee on March 1, 1920 sent his $5,000 to the bank with directions to send $2,000 to the vendor Van Riper "at once and the rest when he brings abstract up to date and gives such other credentials as may be necessary and deliver deed to me as per contract."

On March 17, 1920 the vendee returned the papers to the Aredale Bank with the opinion of his attorneys as to the title shown by the abstract. This opinion stated that the title to the land under contract was in W. H. Van Riper subject to two mortgages dated May 2, 1916, one in the sum of $6,000 and one in the sum of $5,000 and that the land was subject to the unpaid taxes for the year 1919.

It appears that the vendor through the bank immediately secured a release of the $5,000 mortgage and also paid the 1919 taxes, but the continuation of the abstract showing these items was not made at this time and the abstract was not returned to the vendee Meyer. This was due to the fact that negotiations were pending between Meyer, Van Riper and the bank in an attempt to renew the first mortgage of $6,000 by a new loan of $9,000 to be made by the bank. It is the clear intent of the contract in question that a new loan should be secured when the second mortgage became due for as large a sum as possible at first mortgage rates and with the proceeds pay off the first mortgage of $6,000 and apply the excess on the balance of the consideration due Van Riper and thereby reduce the amount of the mortgage which the vendee should give back to the vendor upon delivery of the deed.

This explains why the abstract was not continued at the time in question and it may be said in passing that the delay in securing the larger loan and the ultimate failure thereof is chargeable to the plaintiff. Van Riper about September 1919 had moved to Minnesota and Meyer had moved to Waterloo. Both parties recognized the bank as the party to consummate the exchange of papers. Both parties acquiesced in the delay incident to this transaction and mutual understanding seemed to have existed until November 1920. Plaintiff entered into possession of the farm at the time stipulated, rented it for the ensuing year and renewed the lease for the succeeding year. Plaintiff tendered the rent paid and an assignment of the lease to defendants.

The question presented by this appeal is whether the purchaser is legally justified in rescinding the contract on the claim that the title as shown by the abstract furnished does not conform to the contract of purchase.

The answer to this proposition predicated on the record before us is against the contention of appellant. The abstract furnished shows a perfect title except an unreleased mortgage and the paid 1919 taxes which items according to the agreement were not necessarily to be released before the consummation of the transaction. It cannot be said under the provisions of the

contract that there was a failure on the part of the vendor to comply with the terms thereof. It was established upon the trial that the mortgage and the taxes were paid about the time that the deed was executed by the vendor.

We are not unmindful of the rule that a purchaser is not required to make investigation as to facts that may affect the title, not disclosed by the abstract furnished by the vendor or actually known by the purchaser. Plaintiff, however, concedes that the abstract in question shows title to be in the vendor. Furthermore there is no neglect or refusal on the part of the vendor to convey title at the time fixed. In fact he did furnish a deed which is not subject to impeachment nor is there any claim of objection to it. This opinion is not based on a waiver nor do the facts disclose a condition precedent, as claimed, to be performed by the vendor before he could require action on the part of the vendee. The cases relied upon by appellant are not in point or controlling for the reason that the abstract of title in the instant case showed title in the vendor and conformed to the provisions of the contract of sale. See *Lillienthal v. Bierkamp* 133 Iowa 42 *Billick v. Davenport,* 164 Iowa 105; *Lessenich v. Sellers,* 119 Iowa 314; *Upton v. Smith,* 183 Iowa 588.

Sufficient to state that the abstract furnished complied with the contract and this being true the vendee is not privileged to rescind. The record also discloses that the contract obligated the plaintiff to execute a mortgage to defendant as a part of his agreement. This he did not do.

Wherefore the judgment and decree entered by the trial court is—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.