GEORGE NORTHOUSE ET AL., APPELLANTS, V. GULUF TORSTENSON, APPELLEE.

19 N. W. 2d 34

FILED JUNE 1, 1945. No. 31944.

*Moyer & Moyer* and *M. S. McDuffee,* for appellants.

*Frederick M. Duetsch,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

PAINE, J.

This is an action in equity to compel the specific performance of a contract for the sale of real estate. The trial court found for the defendant and dismissed the plaintiffs' petition, from which the plaintiffs appealed.

The plaintiffs and appellants assign as errors that the judgment is not sustained by sufficient evidence and is contrary to law, for errors of law occurring at the trial and duly excepted to by the plaintiffs, and for the error in overruling plaintiffs' motion for a new trial.

The evidence discloses that David A. Ommerman, the grandfather of the plaintiff George Northouse, died seized of real and personal property of the value of $175,000, and that the 80-acre tract in litigation in the instant case was but a portion of the land bequeathed to the said plaintiff under a provision in the 13th paragraph of his will, reading, so far as affects this case, as follows:

"I hereby devise, give, and bequeath, unto my grandson, George Northouse, the use of the following real estate, for and during his natural life, to-wit: The West one-half (W½) of the Northwest Quarter (NW¼) of Section Fourteen (14), * * * in Township Twenty-four (24) North, Range Two (2) West * * * Madison County, Nebraska,

* * * , I hereby give and bequeath to the wife and children of the said George Northouse who may survive him, for and during the natural life of the wife of the said George Northouse, should she survive him, share and share alike, and 'upon the death of the wife of the said George Northouse, the remainder in and to said real estate, I hereby give and bequeath, absolutely and forever to the children of the said George Northouse, share and share alike, who may survive him, provided however, that should the said George Northouse die leaving no wife him surviving, then in that event 'the remainder in said real estate described in this paragraph is vested absolutely and forever in the children of the said George Northouse and provided further that should the said George Northouse die leaving no wife or children him surviving then in that event the remainder in and to said real estate to be vested absolutely and forever in Victor Northouse and Lynis Northouse, share and share alike."

The evidence further discloses that the plaintiff George Northouse was born August 31, 1912, was 19 years of age when his grandfather died, was married September 7, 1940, and up to the time of trial he had never had any children by such marriage.

The plaintiffs and defendant entered into articles of agreement May 29, 1944, in which the defendant agreed to purchase from the plaintiffs the farm above described for the sum of $5,200, and that he paid down $2,000 in cash. The defendant further agreed to pay the balance of $3,200 "when the purchaser has approved the title which shall be 'within 60 days from this date." The plaintiffs agreed "to convey to the purchaser by good and sufficient warranty deed as clear fee simple title to said real property free from incumbrance. * * * In the event the seller cannot by June 30, 1944, make title satisfactory to the purchaser the seller will return to the purchaser said $2000.00 with interest thereon at five per cent from this date and this contract shall thereupon be cancelled."

The petition of plaintiffs alleges that they delivered an abstract of title showing a good and marketable title of rec-

ord in George Northouse, and tender said abstract into court and pray that the defendant be required to accept said title and pay the balance due of $3,200.

The defendant in his answer and cross-petition says he is ready, able and willing to complete said contract. He recites that a quiet-title action was brought by said George Northouse, claiming title to such land by adverse possession, and making no reference to the will of his grandfather or to any interest which an unborn child of his might have, if and when born. It is also charged by defendant in his brief that the affidavit for constructive service contains no venue, and does not otherwise show where it was sworn to, or whether the notary public was a resident of, or commissioned for, the county, and that in *Albers v. Kozeluh,* 68 Neb. 522, 97 N. W. 646, it was held that when an affidavit contains no venue it is fatally defective. See, also, 15 Neb. Law Bulletin, 349.

It is the contention of the defendant that the will of the grandfather created a simple life estate in George Northouse in the real estate in question, and that his two brothers had a conditional estate in the property, and that in the quiet-title action such brothers were not, in fact, representatives of a child born to the plaintiffs, but their interests were adverse to the interests of such a child yet to be born. It was also suggested that no guardian ad litem was appointed to defend the interests of the unborn child, although some courts have done so, even in the absence of statutory authority. See *Gunnell v. Palmer,* 370 Ill. 206, 18 N. E. 2d 202, 120 A. L. R. 871, which case cites the case of *McArthur v. Scott,* 113 U. S. 340, 28 L. Ed. 1015, 5 S. Ct. 652, as supporting this view. The Nebraska statute, section 38-114, R. S. 1943, seems to make no provision for appointing a guardian ad litem for children unborn.

With this question as to a possible interest of an unborn child of the plaintiff having an interest in the property, which interest was not cut off by the quiet-title action, the question arises, Is the title to this land, as inherited by the plaintiff under the will of his grandfather, a title which the defendant must accept as a merchantable title?

The bill of exceptions discloses the evidence of R. J. Shurtleff, an attorney of many years standing at Norfolk, Nebraska, who testified that he had examined more than 100 abstracts of title for the Aetna Life Insurance Company, and more than 200 abstracts of title for the Union Central Life Insurance Company, and since 1918 had been attorney for the Elkhorn Building & Savings Association at Norfolk and had examined abstracts of title on all of the loans made by that concern, and conducted all foreclosures necessary in its business. He further testified that he had examined the abstract of title in the instant case, which abstract of title included a synopsis of the proceedings in the matter of the probate of the estate of David A. Ommerman, deceased, also a synopsis of the proceedings in the quiet-title action brought in the district court by plaintiff George Northouse against his brothers Lynis Northouse and Victor Northouse and their wives and against the land, and alleging his adverse possession for more than ten years, and praying that the title be quieted in him, and the evidence of the witness was to the effect that the abstract of title does not reflect a merchantable title which a reasonable and prudent man engaged in the buying of land would accept as a merchantable title. In his cross-examination by plaintiffs' attorney he admitted that he had checked no authorities nor read any law in connection with his examination of the abstract in this case.

The bill of exceptions discloses that other competent attorneys, experienced in handling real estate titles, also rejected the title offered to the defendant.

The bill of exceptions discloses that plaintiff secured a decree quieting title in himself by adverse possession against his brothers and their wives, yet in such quiet-title action no attempt whatever was made to cut off the right of his surviving children to inherit his interest, and in said action the affidavit for service by publication was fatally defective, so we will not further discuss the quiet-title action.

Now, should the defendant be compelled to accept the title shown by the abstract? This court has said that a

merchantable title need not be free from every technical defect. See *Campagna v. Home Owners Loan Corporation,* 141 Neb. 429, 3 N. W. 2d 750. And further we have said that it is not necessary that such a title be shown to be bad, if there be doubt or uncertainty about it sufficient to form the basis of litigation. See *Shonsey v. Clayton,* 107 Neb. 695, 187 N. W. 113.

A merchantable title is a title which a man of reasonable prudence, familiar with the facts and the questions of law involved, would accept as a title which could be sold to a reasonable purchaser. See *Bliss v. Schlund,* 123 Neb. 253, 242 N. W. 436.

"The term 'marketable title' is difficult of definition, but, accepting the prevailing rule that a good title is a marketable title, a 'clear title,' 'merchantable' or 'marketable title' generally means a title which consists of both the legal and equitable title, and is free from reasonable doubt in law or in fact; not merely a title valid in fact, but one which can be readily sold to a reasonably prudent purchaser, or mortgaged to a person of reasonable prudence as a security for the loan of money; a title which a reasonable purchaser, well informed as to the facts and their legal bearings, willing and anxious to perform his contract, would, in the exercise of that prudence which business men ordinarily bring to bear on such transactions, be willing and ought to accept; * * * ." 66 C.J., sec. 534, p. 862. See, also, *Robinson v. Bressler,* 122 Neb. 461, 240 N. W. 564.

The trial court expressly found that the plaintiffs had not tendered an abstract of title reflecting a merchantable title in them or either of them, and dismissed plaintiffs' petition and entered judgment for defendant for the $2,000 paid down on the contract, with interest.

It appears to this court that no other judgment is possible under the law and the facts, for a purchaser cannot be made to buy a lawsuit in such a case, even if he might win in the end. A title to real estate, to be good, satisfactory or marketable, should be free from reasonable doubt, either in

law or in fact. The judgment of the district court is affirmed.

AFFIRMED.