BERTHA SIEDEL, appellee, v. TON SNIDER, appellant.

No. 47746.

(Reported in 44 N.W.2d 687)

NOVEMBER 14, 1950.

Webster & Frederick, of Winterset, for appellant.

Hall & Ewalt, of Indianola, for appellee.

MANTZ, J.—Plaintiff's husband died intestate April 19, 1949, owning an interest (in common with plaintiff) in the premises involved here. The contract sought to be enforced is dated September 17, 1949, five months later. By it plaintiff, as vendor, agreed to furnish defendant, the purchaser, an abstract showing

merchantable title of record. She later tendered one which showed various affidavits designed to serve in lieu of administration proceedings on her husband's estate, in order to show heirs, freedom from debts and the homestead character of the premises from date of their acquisition, November 17, 1944.

The one question presented is the sufficiency of such showing on the abstract to comply with the requirement of the contract as to "merchantable title,"—whether, within the five-year period allowed for administration, affidavits are competent to make of record for title purposes facts that are normally and properly shown by administration proceedings.

We are not here interested in the truth of the affidavits nor the sufficiency of the facts they purport to show. The record is stipulated with clear intent to present the one question stated above.

■ I. The terms merchantable, marketable, clear, perfect, good, as applied to title, are generally considered as synonymous. Fagan v. Hook, 134 Iowa 381, 385, 105 N.W. 155, 111 N.W. 981; Upton v. Smith, 183 Iowa 588, 590, 166 N.W. 268; 27 Words and Phrases, Perm. Ed., 111 et seq.; 26 Words and Phrases, Perm. Ed., 542; Northouse v. Torstenson, 146 Neb. 187, 19 N.W.2d 34, 36.

■ Our own decisions have sufficiently defined the terms. In varying language we have said such a title is one that can again be sold to a reasonable purchaser—a title that a man of reasonable prudence, familiar with the facts and apprised of the questions of law involved, would in the ordinary course of business accept. See Kurtz v. Gramenz, 198 Iowa 222, 228, 198 N.W. 325; Fagan v. Hook, supra; Cappel v. Potts, 192 Iowa 661, 668, 185 N.W. 148; Dickerson v. Morse, 203 Iowa 480, 483, 212 N.W. 933; In re Estate of Hager, 212 Iowa 851, 864, 235 N.W. 563; Billick v. Davenport, 164 Iowa 105, 108, 145 N.W. 470.

■ The contract here requires a "merchantable title *of record.*" That language excludes any title that requires a showing that is not properly of record. Billick v. Davenport, supra. This brings us to the question we have already posed, the competency of the affidavits shown on the abstract under the circumstances disclosed.

■ II. Affidavits are not eligible to record except as pro-
vided by statute. Fagan v. Hook, supra (134 Iowa at page 388).
The only pertinent statute here is section 558.8, I. C. A., Code,
1950, which permits the filing of affidavits by the owner in posses-
sion to "explain" any "defect in the chain of title."

In Fagan v. Hook, supra, defendant proposed to show ad-
verse possession by affidavit before the enactment of what is now
section 614.17, I. C. A., Code, 1950, permitting such showing in
certain cases. We said:

"The precise effect of this statute [now section 558.8] is
not clear. It is enough in the instant case to note that it does
not authorize the owner to supply a link in the chain by indicat-
ing, in the form of an affidavit, the oral evidence available to
establish it. * * * Certainly it was not intended to enable anyone
to make of record a title resting solely in parol."

It has been held that under proper circumstances affidavits
may be used to show who were the heirs of a deceased title holder
and that all his debts were fully paid. Prichard v. Mulhall, 140
Iowa 1, 7, 118 N.W. 43. However, in the Prichard case but one
year remained for taking out administration and it is said that
defendant, by failure to object to the abstract after it was cor-
rected, should be assumed to have waived all objection. 140 Iowa,
page 7 et seq.

We do not deem that decision sufficient to justify a holding
here that the abstract tendered showed a merchantable title.
Plaintiff's husband had been dead but six months. More than
four years remained during which time some creditor or other
interested person might appear and take out original administra-
tion and establish facts materially affecting the title. Section
633.47, I. C. A., Code, 1950.

■ There is of course no law to compel resort to administra-
tion by the heirs and surviving spouse of an intestate decedent.
The title to his property passes whether administered upon or
not. Reichard v. Chicago, B. & Q. R. Co., 231 Iowa 563, 578,
1 N.W.2d 721. The surviving spouse and heirs may agree among
themselves to its distribution. Heinz v. Vawter, 221 Iowa 714,
716, 266 N.W. 486. But we are speaking here of the manner

of making that devolution of title a matter of record so it may be properly reflected by an abstract.

Under the language of Code section 558.8 affidavits are recordable only to *explain* defects in the chain of title. To hold that affidavits are competent to be filed *in lieu of* administration proceedings during the time in which such proceedings can be instituted would make the statute a device to create defects rather than to explain them—to encourage omission of administration, thereby making defects to be "explained." That surely is not its purpose. Rather it is designed as a practical remedy for defects due to failure to follow orderly procedure when such procedure was available.

Our conclusion is based somewhat on judicial knowledge of the practice of lawyers to whom is usually entrusted the duty of examining abstracts and of advising clients as to the merchantability of titles shown by them. That is perhaps the best index to the mental processes of purchasers of real estate as reasonably prudent men. Fortunately, at this point we have concrete justification for taking such judicial notice. The Title Standards Committee of our State Bar Association has adopted standards that would limit the use of affidavits in lieu of administration proceedings (in the case of decedents dying within the state) to cases where the affidavit shows: "(1) that the decedent died intestate at least five years prior; (2) [applicable only to non-resident decedents]; (3) that the estate of said decedent had not been administered upon; (4) that all debts and claims, including the expense of last sickness and burial, have been paid; (5) that the decedent was survived by the persons named in the affidavit, specifying their relationship to said decedent; and (6) such statements of the assets of decedent's estate * * * and such statement of estate liabilities as to enable the title examiner to determine what further showing, if any, to require as to inheritance and estate taxes." Iowa Land Title Examination Standards (1950) chapter 9, pages 47, 48 (problem 9.18).

III. Counsel in argument have discussed the competency of affidavits to show the homestead character of decedent's property. After the time allowed for original administration has expired we see no reason why this subject, if material, may not be

covered the same as those already referred to. In view of our holding here, however, that question is academic.

From all the foregoing it follows that plaintiff did not tender an abstract showing merchantable title of record and the decision of the trial court is accordingly reversed.—Reversed.

GARFIELD, C.J., and BLISS, HAYS, MULRONEY, OLIVER, SMITH, and WENNERSTRUM, JJ., concur.

HALE, J., not sitting.