E. S. TESDELL, JR., appellee, v. LAWRENCE D. HANES et al., appellants.

No. 49148.

(Reported in 82 N.W.2d 119)

APRIL 3, 1957.

H. S. Hunn, of Des Moines, for appellants.

Tesdell & Miller, of Des Moines, for appellee.

WENNERSTRUM, J.—Plaintiff's action is one for declaratory judgment wherein it is sought to be held the title to certain real estate is "good and merchantable" as provided for in a purchase agreement. The action involves the sufficiency and effectiveness of the provisions of section 614.17, 1954 Code, which statute pertains to the right of recovery of real estate by a claimant on a claim of title arising prior to 1940. In the present case the abstract of title shows there was a break or irregularity in the chain of title in 1907. It was the claim of the defendants the recording of an affidavit under the provisions of the section referred to did not correct the claimed error and the abstract

as submitted did not show good and merchantable title. Upon submission of evidence and the pleaded issues to the trial court it held for the plaintiff and that the tendered abstract evidenced the title sought. The defendants have appealed.

The property involved is a part of an original ten-acre tract in Polk County, Iowa, the title to a portion of which is here questioned. The abstract of title tendered to the present purchasers, two of the defendants herein, shows that prior to August 26, 1907, the then titleholder held title to the Southeast Quarter of the Southwest Quarter of the Northwest Quarter of Section 25, Township 79 North, Range 25 West of the 5th P.M.; and that on August 26, 1907, the titleholder conveyed the *Southwest* one fourth of the *Southeast* one fourth of the Northwest one fourth of Section 25, Township 79 North, Range 25 West of the 5th P.M. (emphasis supplied). The abstract also shows a purported correction of the record and the fact that the deed had been corrected so as to describe the land as conveyed as the Southeast one fourth of the Southwest one fourth of the Northwest one fourth of Section 25. A photostatic copy of the Deed Record in the office of the County Recorder of Polk County, Iowa, which shows the recording of the deed in question, is attached to the answer of the Iowa Savings and Loan Association, one of the defendants. It also is referred to in the answer of Lawrence D. Hanes and Carol M. Hanes, defendants herein and the purchasers of the property involved in this action. This copy of the Deed Record plainly shows a correction had been made. There is no reference in the abstract of title showing by whom the change was made or who authorized it. The original deed was not offered in evidence. From and after the corrected deed the title continued with a proper description until the property was platted. It is the claim of the defendants the abstract of title does not show a good and merchantable title because of the claimed irregularity.

A portion of the purchase price was withheld by the purchaser until the title was perfected. In order that the sellers of the property might obtain their full purchase price an assignment of their interest in the withheld funds was made to the present plaintiff.

Section 614.17, 1954 Code, is as follows: "Claims to real estate antedating 1940. No action based upon any claim arising or existing prior to January 1, 1940, shall be maintained, either at law or in equity, in any court *to recover any real estate in this state or to recover or establish any interest therein or claim thereto,* legal or equitable, *against the holder of the record title to such real estate in possession,* when such holder of the record title and his grantors immediate or remote are shown by the record *to have held chain of title to said real estate, since January 1, 1940,* unless such claimant, by himself, or by his attorney or agent, or if he be a minor or under legal disability, by his guardian, trustee, or either parent shall within one year from and after July 4, 1951, file in the office of the recorder of deeds of the county wherein such real estate is situated, a statement in writing, which shall be duly acknowledged, definitely describing the real estate involved, the nature and extent of the right or interest claimed, and stating the facts upon which the same is based. * * *

"For the purposes of this section, *such possession of said real estate may be shown of record by affidavits showing such possession,* and when said affidavits have been filed and recorded, it shall be the duty of the recorder to enter upon the margin of said record, a certificate to the effect that said affidavits were filed by the *owner in possession, as named in said affidavits, or by his attorney in fact,* as shown by the records and in like manner, such affidavits may be filed and recorded where any action was barred on any claim by this section as in force prior to July 4, 1951." (Emphasis supplied.)

The abstract of title which was offered in evidence shows the affidavit of A. T. Lynner relative to his possession of the property here in controversy. Lynner and his wife were the titleholders of the property involved prior to the sale to the Haneses. This affidavit also was an exhibit in this cause. The affiant therein states:

"I and my wife, Sarah A. Lynner, acquired title to the above described real estate under warranty deed dated November 6, 1954, recorded * * *, in the records in the Office of the Recorder of Polk County, Iowa.

"I further state that my said wife and I *are in actual possession* of said real estate *and that we and our predecessors* in the chain of title under which we claim ownership and the right to possession of said real estate have been, since prior to January 1, 1940, in continuous, actual, visible, open, notorious, exclusive and hostile adverse possession thereof, under color of title and claim of right to possession as against the world, and have improved said property and paid taxes thereon, and that neither the title nor the right to possession of ourselves or any of those under whom we claim have been disputed or openly attacked by anyone.

"This affidavit is for the purpose of confirming title to the above described real estate under the provisions of Section 614.17 of the 1950 Code of Iowa, as amended, and other statutes relative thereto." (Emphasis supplied.)

There is no showing there was any claim filed to the property here involved as required by the foregoing quoted statute. The trial court, in its findings of fact and conclusions of law held, under the statute in question, the abstract of title showed all the necessary facts to enable an examiner to rely on the quoted statute and thereby cured the claimed irregularities. There is also ample showing the affidavit was filed by the owner when in possession of the real estate in question and as required by the statute. Attention might advisably be called to the fact that although the foregoing affidavit refers to adverse possession the statute refers only to possession and it would appear such limited reference is sufficient.

I. A merchantable or marketable title has been defined as one that later can be sold to a reasonable purchaser, "* * * a title that a man of reasonable prudence, familiar with the facts and apprised of the questions of law involved, would in the ordinary course of business accept [citing cases]." Siedel v. Snider, 241 Iowa 1227, 1229, 44 N.W.2d 687. See also Holliday v. Arthur, 241 Iowa 1193, 1196, 44 N.W.2d 717, 24 A. L. R.2d 1302; Bristow v. Pagano, 238 Iowa 1075, 1079, 29 N.W.2d 423; Smith v. Huber, 224 Iowa 817, 828, 277 N.W. 557, 115 A. L. R. 131, and cases cited; Cappel v. Potts, 192 Iowa 661, 668, 185 N.W. 148.

■ II. Section 614.17, 1954 Code, although of a limitation nature, is more than a statute of limitations. Clearing Land Titles, Basye (1953), section 172, page 262. Its purpose is to give effect and stability to record titles. Lane v. Travelers Insurance Co. (1941) 230 Iowa 973, 979, 299 N.W. 553; Appleby v. Farmers State Bank, 244 Iowa 288, 296, 56 N.W.2d 917.

Iowa was the first of several states to pass a statute which bars all claims to real property arising prior to a stated date without regard to the nature of any legal condition on the part of a possible claimant. This initial legislation was enacted in 1919, chapter 270, section 1, Acts of Thirty-eighth General Assembly. Since that time the states of Illinois, Indiana, Wisconsin, Minnesota, Michigan, South Dakota, Nebraska and North Dakota, in the order named, have enacted legislation barring all interest and claims growing out of claimed irregularities in titles to real property prior to a stated date. Clearing Land Titles, Basye (1953), pages 265 to 289. It will thus be observed there is a growing tendency to effectively bar potential claims arising out of irregularities in a chain of title to real property where no claim is filed based on said irregularity by the date stated in a particular statute.

■ III. In order to comply with the Iowa statute and to make possible a reliance upon it the required affidavit must be filed by the owner in possession. In Lytle v. Guilliams, 241 Iowa 523, 529, 41 N.W.2d 668, 672, 16 A. L. R.2d 1377, 1382, in discussing the statute in question, we stated: "Only those who possess a title which complies with the conditions of the statute are qualified to invoke its aid." As provided in the statute no action may be brought against the holder of the record title who has been in possession on any claim arising or existing prior to January 1, 1940. However, the declaration, as set out in the statute, is subject to two exceptions: (1) The holder of the record title and his predecessors must be shown to have held a record chain of title since January 1, 1940, and (2) an action is barred only if the claimant failed to preserve his claim by filing a duly acknowledged description of it within one year from July 4, 1951. Drake Law Review, Volume 2, No. 2, pages 76, 78. And in the foregoing article it is stated: "The statute

thus operates both as a statute of limitations and as a method of forcing claims to be recorded. The statute applies irrespective of any disability of the claimant; it defines what transfers are included in determining the record chain of title; and it authorizes affidavits to prove the possession of the record owner."

We hold the titleholder at the time of the submission of the abstract of title and prior to the giving of the deed to the purchaser complied with the statute in that an affidavit of possession was filed by him as one of the owners in possession and therein stated no claimant had sought to maintain a claim to the property prior to July 4, 1951. In filing such an affidavit a good and merchantable title was effected as provided by the purchase agreement. It has been suggested the section in question is a bar to all claims affecting title to real property except claims of a State or the United States. As to these possible claimants we are not required to comment in this appeal.

IV. It will be observed there are no exceptions noted in the statute here involved. Our previous consideration of somewhat similar situations and statutes has a bearing on our determination of the present issues. In Boyle v. Boyle, 126 Iowa 167, 168, 101 N.W. 748, 3 Ann. Cas. 575, we stated: "No exception is made in favor of a creditor laboring under disability, and, in the absence thereof, courts generally hold that none exists. [Citing cases] As was observed by Mr. Justice Miller in Vance v. Vance, 108 U. S. Rep. 514 (2 Sup. Ct. 854, 27 L. Ed. 808): 'The exemptions from the operation of the statutes of limitation usually accorded infants and married women do not rest upon any general doctrine of the law that they cannot be subject to their action, but in every instance upon the express language in those statutes giving them time after their majority.' To hold that the fact of minority is a peculiar circumstance, such as contemplated, would be equivalent to ingrafting an exception on the statute, extending the time within which creditors who are minors may file claims during their minority, and thereby defeat the manifest intention of the Legislature in enacting the statute, which was to secure the speedy settlement of estates, and the repose of titles derived from the dead."

And in In re Estate of Deaner, 126 Iowa 701, 703, 102 N.W. 825, 106 Am. St. Rep. 374, this court stated: "No exception in behalf of married women, of actions against their husbands, is found in the statute of limitations. It provides that 'actions may be brought within the times herein limited respectively, after their causes accrue and not afterwards, except when otherwise specially declared.' * * * As all exceptions not 'otherwise specially declared' are excluded, we are not permitted to insert any, even though we might think that, owing to the relation of the husband and wife, she should be relieved from the necessity of pressing her claims against her husband in order to keep them alive. That was a matter for legislative consideration, and does not constitute a reason for refusal by the courts to give effect to a specific statute to the contrary [citing cases]."

We are satisfied the legislature had ample authority to enact a limitation statute such as is provided in section 614.17, 1954 Code, subject to a condition a reasonable time must elapse before it becomes effective.

Legislatures may withdraw a legal remedy but they cannot do so without providing a reasonable time within which action must be taken to recover a right to real property. Norris v. Tripp, 111 Iowa 115, 118, 119, 82 N.W. 610; Thoeni v. City of Dubuque, 115 Iowa 482, 484, 88 N.W. 967; Wooster v. Bateman, 126 Iowa 552, 554, 102 N.W. 521; Patton on Titles (1938), section 59, pages 228, 229. See also 16 C. J. S., Constitutional Law, section 256, page 1248, section 266, page 1259.

V. In the 1950 Report of the Committee on Iowa Land Title Examination Standards comment is made on the effectiveness of section 614.17 as a cure or remedy for imperfections in a chain of title, and it is stated on page 52 of chapter 10: "* * * it is necessary only to require that the abstract show the recording of an affidavit of possession as provided by said section, and that there is no claim on record under the provisions of the statute." Certain authorities are cited to support the foregoing statement. We shall comment on them briefly. In Lane v. Travelers Ins. Co., 230 Iowa 973, 977, 299 N.W. 553, 554, we referred to the claim that the rights of two minors were barred

by section 11024, 1939 Code, similar to our present section 614.17, 1954 Code, except it pertained to claims prior to January 1, 1920, and stated: "Further, section 11024 is by its very terms made applicable to the claims of minors or those under legal disability." And in Collier v. Smaltz, 149 Iowa 230, 235, 238, 128 N.W. 396, 398, Ann. Cas. 1912C 1007, this court gave consideration to a somewhat similar limitation statute and in reference to a claim of insanity of one of the interested parties stated: "The act contains no exemption in favor of insane persons, and it is elementary that, save when otherwise provided by the Legislature, no such exemption exists [citing cases]." And in this last cited case it is further stated: "Of course, the Legislature may not arbitrarily cut off the remedy, and thereby deprive a citizen of vested rights, but it may require that action for the protection of these be brought if at all within such time as under all the circumstances affords a reasonable opportunity to assert them." In Hutchinson v. Olberding, 150 Iowa 604, 607, 130 N.W. 139, 140, this court discussed the effect of a limitation statute and therein stated: "We think the intent was to require all parties claiming under section 3366 to follow the course pointed out in the statute."

And in Newgirg v. Black, 174 Iowa 636, 156 N.W. 708, a limitation statute pertaining to an unreleased mortgage is passed on and it was there held that if a proceeding was not brought within a specified time an action on the mortgage was barred by the applicable statute.

Section 614.17, 1954 Code, and similar earlier statutes have been the subject of comment by the committee on Iowa Land Title Examination Standards of the Iowa State Bar Association. This court heretofore has given consideration to the work and recommendations of this committee and has commented on its efforts to simplify the title examination situation in Iowa. Siedel v. Snider, 241 Iowa 1227, 1231, 44 N.W.2d 687; In re Estate of Baker, 247 Iowa 1380, 1389, 78 N.W.2d 863, 868.

It has been stated in the 1955 revision of the Iowa Land Title Examination Standards, page 101, title standards are no substitute for statutes or judicial decisions. However, we are disposed to give serious consideration to these standards.

Under the statute here involved and the cited authorities we are justified in holding the title in question, as shown by the abstract, was "good and merchantable." The trial court was correct in so holding and is affirmed.—Affirmed.

All JUSTICES concur.