William A. SORENSON and Helen M. Sorenson, Plaintiffs-Appellants,

v.

Jenny Lynn KNOTT, et al., Defendants-Appellees.

No. 64009.

Court of Appeals of Iowa.

March 23, 1982.

Bruce D. Fleming, Council Bluffs, for plaintiffs-appellants.

Noran L. Davis, Council Bluffs, for defendants-appellees.

Submitted to OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

PER CURIAM.

Plaintiffs appeal from trial court's judgment against them in their action to quiet title. They assert trial court erred in awarding title to the disputed property to defendants because defendants wholly failed to prove adverse possession or acquiescence in a fence as a boundary line. They further argue that defendants' claim to possession was barred by section 614.17, The Code. Plaintiffs also request attorneys fees and loss of crop profits as damages. We affirm.

Plaintiffs are the record owners of the property in dispute, but the defendants and their predecessors have been farming that property in excess of 40 years. The disputed property is west of a fence line adjoining plaintiffs' property. On May 31, 1978, plaintiffs filed a petition in equity asking the court to quiet title to the disputed property in them. Plaintiffs claimed that they were the absolute owners of the property, that defendants had made some claim to the property which was inferior to the plaintiffs' title, and that the defendants' right or interest in the property was barred by the statute of limitations. They further claimed that they had made a demand for a quit claim deed pursuant to section 649.5, The Code, which was denied and thus, if they were successful in establishing their title, they should be awarded reasonable attorney fees. Plaintiffs also asserted that they suffered crop damage from defendants' possession and that defendants should pay these damages. Defendants' answer denied most of the material allegations and, by amendment, asserted that they were the absolute owners of the property by virtue of acquiescence in a boundary line.

On July 30, 1979, trial court rendered judgment in favor of defendants stating "... defendants, Jerry Lynn Knott and Gloria Sue Knott, and their predecessors in title by claim of right for more than forty years last past, have had the actual, open, notorious, continuous, exclusive, hostile and adverse possession of all real estate described in plaintiffs' petition except that portion ... lying within the existing fence line ... [(plaintiffs' undisputed property)]." Trial court further found that the fence line between the disputed property and plaintiffs' undisputed properties were boundary line fences. Plaintiffs appeal from trial court's judgment.

I. Scope of Review. Since this is an action in equity, our review is de novo. Iowa R.App.P. 4. *See also Miller v. American Wonderlands, Inc.*, 275 N.W.2d 399, 402 (Iowa 1979). We "review the facts and law and determine anew from the credible evidence all properly presented and preserved contentions...." *Miller*, 275 N.W.2d at 402, citing *In re Marriage of Winegard*, 257 N.W.2d 609, 613 (Iowa 1977).

II. Acquiescence of Boundary Lines. Since we believe the issue of acquiescence is dispositive of this case, we will address that issue first.

A. Rules of Acquiescence. The rules of acquiescence are well settled. The Iowa Supreme Court recently reiterated the meaning of acquiescence in *Sille v. Shaffer* as follows:

> The meaning of "acquiescence" under section 650.14 is well settled. It is the mutual recognition by two adjoining landowners for ten years or more that a line, definitely marked by a fence or in some manner, is the dividing line between them. Acquiescence exists when both parties acknowledge and treat the line as the boundary. When the acquiescence persists for ten years the line becomes a true boundary even though a survey may show otherwise and even though neither party intended to claim more than called for by his deed. *Pruhs v. Stanlake*, 253 Iowa 642, 645, 113 N.W.2d 300, 302 (1962).

297 N.W.2d 379, 381 (Iowa 1980).

Plaintiffs argue that the law of acquiescence requires defendants to show that the fence was erected for the purpose of a boundary rather than a mere barrier. They assert that defendants failed to show why the fence was erected and further assert

that the facts support the reasonable inference that the fence was erected as a barrier to keep cattle from the river, rather than as a boundary. Plaintiffs cite *Benjamin v. O'Rouke*, 197 Iowa 1338, 199 N.W. 488 (1924), as authority for the proposition that a party claiming acquiescence must show why the fence was erected. We believe plaintiffs misconstrue that case when they infer that a showing of the purpose for erection of the fence is required as an element of acquiescence. The points of inquiry in *Benjamin* were merely factual considerations relevant to the court's determination of whether the above required recognition existed. Thus, failure to show that establishment of a boundary was the original purpose for erecting a fence is not dispositive of the issue here. The question remains whether the two adjoining landowners for ten years or more mutually acquiesced in that fence as a boundary line notwithstanding the purpose of its erection. *See Olson v. Clark*, 252 Iowa 1133, 1136, 109 N.W.2d 441, 443 (1961); *Trimpl v. Meyer*, 246 Iowa 1245, 1248, 71 N.W.2d 437, 438–39 (1955), and cases cited therein.

■■■ B. Sufficiency of the Evidence. Contrary to plaintiffs' next contention, we conclude on our de novo review that the evidence is sufficient to support a finding of acquiescence. We note that acquiescence sufficient to establish a boundary line may be inferred from silence when there is notice of another party's claim. *Olson*, 252 Iowa at 1138, 109 N.W.2d at 444. "[Acquiescence] exists when a person who knows that he is entitled to impeach a transaction or enforce a right neglects to do so for such a length of time that under the circumstances the other party may fairly infer that he has waived or abandoned his right." *Id.* In this case, plaintiffs' predecessor in interest made no attempt to assert any claims to the land for over 20 years. In addition, defendants' predecessor openly farmed that parcel for more than 40 years. Further, plaintiffs' predecessor's tenant stated that he was under the impression that defendants' predecessor owned the parcel and even asked defendants' predecessor permission to take dirt from his side of the fence to defendants' predecessor's side. We also note that plaintiffs' predecessor's tenant testified that he always referred to the property now owned by plaintiffs as "the 30 acres of Mrs. Peterson's." The property in dispute encompasses approximately 55 to 60 acres and plaintiffs' undisputed property encompasses the remaining 30 acres. In addition, there was testimony that property in that area sold for approximately $1,000 an acre and that plaintiffs' predecessor sold the property to plaintiff for approximately $35,000. We believe that this evidence is sufficient to support a finding that plaintiffs' predecessor and defendants' and their predecessor treated the fence line dividing plaintiffs' undisputed property from the disputed property as the boundary between defendants' property and plaintiffs'.

C. Claim of Right. Plaintiffs next argue that since defendants' predecessor had no claim of right to the disputed property, he could not have held adversely to the real owner sufficiently to establish either adverse possession or acquiescence. Plaintiffs cite no authority for the proposition that a good faith claim of right is required to establish acquiescence of boundary lines. Failure to cite authority in support of an issue may be deemed waiver of that issue. Iowa R.App.P. 14(a)(3). Moreover, our review of Iowa case law pertaining to acquiescence of boundary lines reveals no requirement of a claim of right. Rather that concept appears to be confined to the law pertaining to adverse possession. *Compare, Goulding v. Shonquist*, 159 Iowa 647, 141 N.W. 24 (1913), and *Sille v. Shaffer*, 297 N.W.2d 379 (Iowa 1980). Plaintiffs also allude to estoppel, but cite no authority for this proposition. None of the elements of estoppel was established. The burden to prove and establish estoppel was upon the plaintiffs and strict proof of all its elements is demanded. *O'Dell v. Hanson*, 241 Iowa 657, 664, 42 N.W.2d 86, 90 (1950).

■■■ III. Affidavit of Possession. Plaintiffs' next argument concerns section 614.-17, The Code 1977. That section states in pertinent part:

Claims to real estate antedating 1960. No action based upon any claim arising or existing prior to January 1, 1960, shall be maintained, either at law or in equity, in any court to recover any real estate in this state or to recover or establish any interest therein or claim thereto, legal or equitable, against the *holder of the record title to such real estate in possession,* when the holder of record title and his grantors immediate or remote are shown by the record to have held chain of title to said real estate, since January 1, 1960, unless such claimant, . . . within one year from 'and after July 1, 1970, file in the office of the recorder of deeds of the county wherein such real estate is situated, a statement in writing, which should be duly acknowledged, definitely describing the real estate involved, the nature and extent of the right or interest claimed, and stating the facts upon which the same is based.

\* \* \* \* \* \*

For the purpose of this section, such possession of said real estate may be shown of record by affidavits showing the possession. . . . (emphasis added)

Plaintiffs argue that their predecessor complied with the statute and filed an affidavit of possession, that defendant's filed no claim or interest in the land as required by this section, and that, therefore, defendants are barred from asserting their interest or claim. We find plaintiffs' claim wholly without merit. "In order to comply with the Iowa statute and to make possible a reliance upon it the required affidavit must be filed by the owner in possession." *Tesdell v. Hanes,* 248 Iowa 742, 747, 82 N.W.2d 119, 122 (1957). It is undisputed that plaintiffs' predecessor was not in possession of the disputed real estate when she filed that affidavit. She had not been in possession for over 20 years. We thus conclude that section 614.17, The Code, does not bar defendants' claims on the disputed property.

Having found defendants' claim to be valid and enforceable under the theory of acquiescence, we find no need to address plaintiffs' further arguments regarding adverse possession and damages. Trial court's judgment is affirmed.

AFFIRMED.