Karl F. SCHROEDER and Aubrey Mae Schroeder, Plaintiffs-Appellants,

v.

Paul E. BUEGEL and Marion Buegel, Defendants-Appellees.

No. 84–831.

Court of Appeals of Iowa.

April 30, 1985.

Andrew P. Nelson and Isadore Meyer of Meyer, Lorentzen & Nelson, Decorah, for plaintiffs-appellants.

Dean R. Einck and Richard G. Hilemen, Jr., of Simmons, Perrine, Albright and Ellwood, Cedar Rapids, for defendants-appellees.

Heard by OXBERGER, C.J., and SCHLEGEL, and HAYDEN, JJ.

HAYDEN, Judge.

Plaintiffs appeal from an order dismissing their action for adverse possession and acquiescence in a boundary line.

Plaintiffs and defendants are adjoining landowners in Ossian, Iowa. Plaintiffs purchased their property in 1968 and defendants purchased their property in 1969. Plaintiffs and plaintiffs' predecessor in title believed the boundary to be a hedgerow. In accordance with this belief plaintiffs mowed the lawn up to the hedge, trimmed their side of the hedge, stored wood and bricks near the hedge, and tore down a shed in line with the hedge. In 1974 defendants questioned the correctness of the boundary and surveys were made in 1974 and 1978. In August of 1982 defendants erected a fence west of the hedge. The property in dispute is a pie-shaped wedge approximately seven feet in width at its widest point and 140 feet deep.

Plaintiffs filed the present suit in September of 1982 claiming ownership of the property up to the hedgerow. Their petition was in three divisions claiming: (I) adverse possession; (II) common law acquiescence in a boundary; and (III) statutory determination of the boundary under Iowa Code chapter 650. Defendants denied plaintiffs' claims, filed an affidavit of possession on September 16, 1983, and moved for partial summary judgment on the grounds that some of plaintiffs' claims were barred by Iowa Code section 614.17. The trial court granted the motion as to divisions I and II. The case proceeded to trial on division III. At the close of plaintiffs' case the trial court granted defendants' motion to dismiss on the grounds that plaintiffs had failed to prove mutual acquiescence as required by section 650.6. The court only considered whether there was mutual acquiescence by the present parties and ruled that any claims based on the acquiescence of their predecessors in title were barred under section 614.17.

Although this case was filed in equity, the only claim which proceeded to trial was acquiescence under chapter 650. Suits under chapter 650 are considered actions at law reviewable on assigned error. *Drake v. Claar*, 339 N.W.2d 844, 846 (Iowa Ct.App.1983). Prior to trial the court sustained defendants' motion to try the case at law. A case is generally reviewed as tried in the court below. *Mosebach v. Blythe*, 282 N.W.2d 755, 758 (Iowa Ct.App.1979). Therefore, our review of this case is on assigned error. Iowa R.App.P. 4.

Iowa Code section 614.17 provides in relevant part:

An action based upon a claim arising or existing prior to January 1, 1970, shall not be maintained, either at law or in equity, in any court to recover real estate in this state or to recover or establish any interest in or claim to real estate, legal or equitable, against the holder of the record title to the real estate in possession, when the holder of the record title and the holder's immediate or remote grantors are shown by the record

to have held chain of title to the real estate, since January 1, 1970, unless the claimant, by himself or herself, or by the claimant's attorney or agent, or if the claimant is a minor or under legal disability, by his or her guardian, trustee, or either parent, within one year from and after July 1, 1980, files in the office of the recorder of deeds of the county in which the real estate is situated, a statement in writing, which is duly acknowledged, definitely describing the real estate involved, the nature and extent of the right or interest claimed, and stating the facts upon which the claim is based.

\* \* \* \* \* \*

For the purposes of this section, such possession of real estate may be shown of record by affidavits showing the possession....

In order to comply with the statute the holder of record title must be in possession of the property. *Tesdell v. Hanes*, 248 Iowa 742, 747, 82 N.W.2d 119, 122 (1957); *Sorenson v. Knott*, 320 N.W.2d 645, 648 (Iowa Ct.App.1982). Possession may be made a matter of record by the filing of an affidavit of possession. There need not be any continuity of possession for the holder of record title so long as he or she is actually in possession at the time the affidavit is filed. *Lane v. Travelers Insurance Co.*, 230 Iowa 973, 977, 299 N.W. 553, 555 (1941); Iowa Land Title Examination Standard 10.1.

The effect of section 614.17 upon the doctrines of adverse possession and acquiescence in boundary lines has not been thoroughly explored. Plaintiffs argue that the statutory limitation on actions should not be construed to include those claims. Defendants cite Iowa Land Title Examination Standard 10.1 which takes the position that *all* claims except those of the State or United States are covered by the statute. Two authors have concluded that section 614.17 does limit the doctrine of adverse possession. 2 Drake L.Rev. 76, 81 (1952); 17 Iowa L.Rev. 520, 522 (1932). Under this view an adverse possessor whose claim arose prior to January 1, 1970, who did not

preserve the claim as prescribed by the statute would be prevented from asserting it if the holder of record title managed to regain possession of the property even for one day.

 In the present case we have concluded that defendants should not be able to rely upon the statute. The statute was intended to protect property owners in possession of the property from stale claims. It was not intended to disturb a boundary which evidently has been fixed since 1917. We find that defendants have not been "in possession" of the property within the meaning of the statute. Plaintiffs presented evidence that they occupied the land up to the hedgerow. When defendants disputed the boundary they erected a fence on plaintiffs' side of the hedge. Plaintiffs quickly filed the present suit for removal of the fence. The erection of the fence over plaintiffs' protest did not give defendants undisputed possession of the property in question. If plaintiffs had physically removed the fence and continued to occupy the strip of land defendants could not claim possession. We refuse to penalize plaintiffs for resorting to the courts to settle the dispute. Plaintiffs' suit asserting that defendants were not entitled to possession effectively negated the erection of the fence. Finally, we note that defendants' affidavit of possession was not filed until a year after the suit was filed. It cannot be relied upon to establish possession when the purpose of the suit was to settle competing claims to possession of the property.

Therefore, we reverse the trial court's dismissal of the three divisions of plaintiffs' petition and remand for further proceedings consistent with this decision.

REVERSED AND REMANDED.