**Peter J. RILEY, Appellant,**

v.

**CITY OF HARTLEY, Iowa, and Richard J. Barry, Appellees.**

No. 96–468.

Supreme Court of Iowa.

June 18, 1997.

Randall G. Sease, Hartley, for appellant.

Dennis Cmelik, Hartley, for appellees.

Considered by LARSON, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

LARSON, Justice.

A written lease between the City of Hartley and Peter J. Riley contained a right of first refusal to allow Riley to buy a lot owned by the city. When Riley attempted to exercise this right, the city refused. Riley sued for specific performance and damages. The district court granted summary judgment for the city, and Riley appealed. We affirm.

In 1987 Riley purchased a building from the city in which to operate an implement business. He also leased a vacant lot from the city to be used in conjunction with the business. The lease contained this provision regarding Riley's possible purchase of the lot:

> Lessor hereby grants the Lessee the option during the term of this lease to purchase the above-described property for either the price negotiated by the parties or an amount equal to that of any bona fide offer made by a third party to purchase the above-described property. Lessor agrees to give Lessee 30 days written notice of any bona fide offer made by a third party to purchase said property. If Lessee timely exercises his option, he shall be entitled to purchase said property for the same terms and conditions as the bona fide third party offer. If Lessee fails to exercise his option within the aforesaid 30 days period, then his option shall become null and void and he will be expected to vacate said property.

Riley leased the property for over seven years. On August 29, 1994, the city notified him that the lease would terminate on October 1, 1994. In response, Riley notified the city that he was "exercising his option to purchase the property." Two weeks later, a third party, Richard Barry, made a written offer to buy the property. Barry offered to pay $13,409, and he included with his offer a written promise to build a $150,000 building on the lot and to employ four people in the new building. In a formal resolution, the city council proposed to sell the property to Barry, subject to any rights that Riley had under his lease. This resolution was published pursuant to Iowa Code section 364.7 (1987). Riley then made an offer to pay $13,409, to match Barry's offer. He did not,

however, agree to construct a building or to employ anybody. The city rejected Riley's offer.

We review an order for summary judgment for correction of errors at law. *Gabrilson v. Flynn*, 554 N.W.2d 267, 270 (Iowa 1996). A party seeking summary judgment must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c). In reviewing the record, we consider the evidence in the light most favorable to the party opposing the summary judgment motion. *C–Thru Container Corp. v. Midland Mfg. Co.*, 533 N.W.2d 542, 544 (Iowa 1995).

## I. *The Right of First Refusal.*

Although the lease refers to Riley's right as an option, his interest is more accurately referred to as a right of first refusal or, occasionally, as a preemption.

> Unlike an "option," a preemption does not give the preemptioner the power to compel an unwilling owner to sell. A preemption merely requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the preemption. Once the owner decides to sell the property, the preemption ripens into an option. The preemptioner may then elect to buy the land. If the preemptioner decides not to buy, then the owner may sell to anyone.

*Knepper v. Monticello State Bank*, 450 N.W.2d 833, 836–37 (Iowa 1990) (citations omitted); *accord Trecker v. Langel*, 298 N.W.2d 289, 290–91 (Iowa 1980). *See generally* Wanda Ellen Wakefield, Annotation, *Construction and Effect of Options to Purchase at Specified Price and at Price Offered by Third Person, Included in Same Instrument*, 22 A.L.R.4th 1293 (1983).

## II. *The Statutes.*

Under home rule, any limitation of a city's powers by state law must be expressly imposed. Iowa Code § 364.2(2); *Bryan v. City of Des Moines*, 261 N.W.2d 685, 687 (Iowa 1978). Two such limitations are involved in the present case: Iowa Code section 364.3, requiring an ordinance or resolution to exercise a city's power, and section 364.7, estab-

lishing a procedure for and requiring notice of a city's proposed disposition of real estate. (Riley apparently concedes that his right of first refusal is an interest in real estate within the meaning of section 364.7. *See Tuecke v. Tuecke*, 257 Iowa 199, 203, 131 N.W.2d 794, 796 (1964) (stating that, when exercised, an option to purchase land becomes interest in real estate).)

**A.** *Exercise of the city's powers.* Iowa Code section 364.3 provides:

> The following are limitations upon the powers of the city:

> 1. A city council shall exercise a power only by the passage of a motion, a resolution, an amendment, or an ordinance.

The requirements of section 364.3 are consistent with statutes in other jurisdictions. *See* 10 Eugene McQuillin, *The Law of Municipal Corporations* § 29.19, at 335 (3d ed.1990) [hereinafter McQuillin] ("Municipal contracts frequently are required to be authorized by an ordinance or resolution, adopted in accordance with formal procedures, in compliance with the rules relating to the enactment of ordinances and resolutions generally."). *See generally* 63 C.J.S. *Municipal Corporations* § 979 (1950) (concerning limitations of a municipal corporation's power to contract).

Although the 1987 lease was signed by the mayor and city clerk, Riley concedes that the city council did not contemporaneously approve it by motion, resolution, or ordinance as required by section 364.3.

**B.** *Sale of interest in real estate.* A second statute is involved. Iowa Code section 364.7 provides:

> A city may not dispose of an interest in real property by sale, lease for a term of more than three years, or gift, except in accordance with the following procedure:

> 1. The council shall set forth its proposal in a resolution and shall publish notice as provided in section 362.3, of the resolution and of a date, time and place of a public hearing on a proposal.

> 2. After the public hearing, the counsel may make a final determination on the proposal by resolution.

Riley also concedes that the city did not, contemporaneously with the execution of the lease in 1987, comply with section 364.7 by publishing a resolution concerning the city's granting of the right of first refusal. The city argues, and the district court held, that any right of first refusal in the Riley lease is void because of the city's failure to comply with this statute and section 364.3.

### III. *The Arguments.*

Riley claims error on two grounds: the council substantially complied with the statutory requirements, and in effect, the city is estopped from denying the effectiveness of the lease.

■ **A.** *The substantial compliance argument.* Iowa Code section 364.6 provides in part that "[a] city shall substantially comply with a procedure established by a state law for exercising a city power." Riley argues that, when the city published a resolution in 1994 concerning the city's proposed sale to Barry, the notice mentioned the "option" rights obtained by Riley in the 1987 lease. This, according to Riley, satisfied the requirements of Iowa Code sections 364.3 and 364.7 and therefore constituted substantial compliance. The 1994 published notice stated:

### CITY OF HARTLEY

### RESOLUTION NO. 94–24

A RESOLUTION PROPOSING TO SELL REAL PROPERTY AND SCHEDULING A PUBLIC HEARING ON SAID PROPOSAL.

WHEREAS, the Council has decided that the sale of certain city real property would be in the city's best interest;

NOW, THEREFORE, upon a motion duly made by Council Member Heimsoth, seconded by Council Member Colling and properly carried, it is hereby RESOLVED:

1. That the City of Hartley, Iowa proposes to sell the following described property, to-wit:

[description of real estate]

2. That such property shall be sold upon the following terms and conditions:

By warranty deed to Richard J. Barry of Spencer, Iowa, for cash in the amount of $13,409.00 subject to the option of Peter J. Riley to purchase such property for the same price pursuant to the terms of his March 1, 1987 lease with the City of Hartley.

3. That a public hearing on the aforesaid proposal shall be held at 7:00 o'clock P.M. on October 4, 1994 in the Council Chambers in Hartley, Iowa.

4. That in accordance with Sections 362.3 and 364.7 of the Code of Iowa, the city clerk shall publish notice of the resolution, as well as the date, time, and place of the hearing on such resolution.

5. That in accordance with the provisions of the lease noted above, the City Clerk shall also give notice to Peter J. Riley of the bona fide offer made by Richard J. Barry to purchase the above-described real estate.

Dated this 20th day of September, 1994.

/s/Earl S. Norton

Mayor

ATTEST: Paula K. Cmelik

Clerk/Administrator

The problem with Riley's substantial compliance argument is that the 1994 notice concerned a resolution to sell the property to Barry, not to convey a real estate interest to Riley. It is true, as Riley claims, that the notice mentioned that the sale was subject to an option previously granted to Riley. However, this published notice in 1994 did not even purport to be a resolution exercising the city's power to grant Riley the earlier right of first refusal. In short, notice of a proposed 1994 sale cannot be substantial compliance with the statute's requirements concerning a different transaction in 1987. In fact, it was no compliance at all.

■ **B.** *The estoppel argument.* Riley complains that "the rental arrangement was done with the full knowledge and consent of the city council" and that Riley "performed under the terms of the agreement and paid the City of Hartley monthly for a period of seven years and five months."

As one authority has noted:

Where a municipal contract is not entered into in the manner and form pre-

scribed by statute or charter, the corporation is often sought to be held liable where the other contracting party has wholly or in part performed his side of the contract and the municipality has accepted the benefits of the contract without objection. The grounds for recovery relied on are either ratification, estoppel, or implied contract....

The general rule is that if a contract is within the corporate power of a municipality but the contract is entered into without observing mandatory legal requirements specifically regulating the mode by which it is to be exercised, there can be no recovery under the contract. If a statute or charter says that certain contracts ... must be made by ordinance, or that they must be in writing, or the like, there is a reason for it based on the idea of protecting the taxpayers, and inhabitants, and these provisions are mandatory. If the contract is entered into or executed in a different manner, the mere fact that the municipality has received benefits does not make the municipality liable, either on the theory of ratification, estoppel or implied contract.

10 McQuillin § 29.26, at 366. The writer continues:

As examples of invalid contracts upon which no recovery has been allowed for the benefits actually received may be the following: contracts not based on public bidding; contracts not in writing; [and] *contracts not authorized by ordinance or resolution ....*

*Id.* at 367 (emphasis added).

█ It might appear to be unfair to allow the city to escape its liability under the lease on the basis of its own failure to follow the statutes. However, the public has an interest in the disposition of the city's property, and the public's rights cannot be waived by the council's improper exercise of city powers. We therefore reject Riley's estoppel argument.

**AFFIRMED.**