LORETTA LANE et al., Appellees, v. THE TRAVELERS INSURANCE COMPANY, Appellant; A. C. GREENE, Sheriff, et al., Appellees.

No. 45454.

974

William P. Welch, Eugene O'Sullivan, and J. H. O'Connor, for plaintiffs, appellees.

Carroll O. Switzer and Floyd E. Page, for appellant.

GARFIELD, J.—Patrick Lane, through the will of his father, Edmund Lane, acquired a life estate in the 160-acre farm in controversy with the right to mortgage it for not more than $2,400. What is conceded to be a contingent remainder was devised to the legal heirs of Patrick at the time of his death. The plaintiffs are the five daughters and one son of the life tenant, two of whom were still minors when this suit was started.

In 1896, one year after his father's death, Patrick mortgaged the land for $2,400. This mortgage was paid off and satisfied in 1917. In 1906, Patrick mortgaged this and other land for $6,775. Foreclosure of this mortgage was instituted and the land went to sheriff's deed in 1910. The grantee of the sheriff's deed, a few days after acquiring the same, conveyed the land to one Nora Kinney who, in 1913, quitclaimed to Margaret Lane, wife of Patrick, the life tenant.

In January 1923, an action to quiet title was instituted in the name of Margaret Lane, naming as defendants her husband, Patrick, and her six children (plaintiffs in the present suit). The trial court, in the present suit, found that notice of the

title quieting action was served upon all defendants to that action. A guardian ad litem was appointed in the 1923 suit, who filed answer alleging, among other matters, that Patrick Lane never mortgaged the real estate for $2,400, but did mortgage it for $6,775. On February 10, 1923, a decree was entered quieting the title in Margaret Lane. The decree appears to have been largely based on the false allegation in the answer of the guardian ad litem that no mortgage for $2,400 covering this land had been executed; that therefore the $6,775 mortgage was valid at least to the extent of $2,400, and that since it covered other land and no attempt at redemption from the foreclosure sale had been made, title should be quieted in Margaret.

In April 1926, Margaret and her husband, Patrick, mortgaged the 160 acres to defendant-appellant, Travelers Life Insurance Co., for $12,000. This mortgage was foreclosed and a sheriff's deed issued to appellant on February 3, 1938, when it took possession. The amount of the debt when this deed issued was approximately $16,000.

On the same day the sheriff's deed was issued to appellant, this suit was instituted. The trial court found that plaintiffs living at the time of the death of Patrick Lane would be entitled to the real estate, unless they had been divested of their rights by the title quieting decree of February 10, 1923. We quote from the decision of the trial court:

"Plaintiffs claim that such decree is voidable because the proceedings were fraudulent. The guardian ad litem in that case said in his answer, among other things, that Patrick M. Lane never gave the $2,400 mortgage which he was authorized to give. The record shows that he did give such a mortgage. The decree quieting title appears to have been largely based upon the thought that such mortgage had not been given. Even a cursory examination of the record would have disclosed the fact that such mortgage had been given. This allegation in the answer of the guardian ad litem constituted a constructive fraud entitling the wards on timely application to have the decree set aside. The four adult plaintiffs, however, have not made timely application. They have slept on their rights while the statute has run and no relief can be given them. The two

minor plaintiffs are in a different situation. The statute has not run against them. They are entitled to have their interest established as prayed, contingent, of course, upon their surviving Patrick M. Lane.''

The principal contention urged upon us by appellant is that the rights of the two minor plaintiffs are barred by Code section 11024, which, so far as material, reads as follows:

''No action based upon any claim arising or existing prior to January 1, 1920, shall be maintained, * * * in any court to recover any real estate * * * or to recover or establish any interest therein or claim thereto, * * * against the holder of the record title * * * in possession, when such holder of the record title and his grantors * * * are shown by the record to have held chain of title * * * since January 1, 1920, unless such claimant, by himself, or by his attorney or agent, or if he be a minor or under legal disability, by his guardian, trustee, or either parent shall within one year from and after July 4, 1931, file in the office of the recorder of deeds * * * a statement in writing, * * * definitely describing the real estate involved, the nature and extent of the right or interest claimed, and stating the facts upon which the same is based.

'' * * * any person who holds title * * * under any * * * sheriff's deed, shall be deemed to hold chain of title the same as though holding by direct conveyance.''

It was stipulated that Patrick and Margaret Lane, together with their children who were living in the home, occupied the land in question for twenty years up to March 1, 1936, when a tenant occupied it until appellant acquired sheriff's deed on February 3, 1938. It is conceded that no written statement contemplated by the above statute was ever filed on plaintiffs' behalf.

The general statute of limitations fixes ten years as the time for bringing actions to recover real property and to set aside a decree quieting title. Section 11007 (Pars. 6 and 8). Section 11015 extends the time in favor of minors and insane persons until one year after the termination of such disability. Accordingly, the rights of the two minor plaintiffs are not

barred by the general statute, section 11007. However, by section 11026, "The provisions of section 11015 as to the rights of minors and insane persons shall not be applicable against the provisions of section(s) 11024," above quoted, upon which appellant relies. Further, section 11024 is by its very terms made applicable to the claims of minors or those under legal disability. It is well settled that a statute of limitations runs against the claims of infants in the absence of a contrary statutory provision. 34 Am. Jur. 158, section 197; Boyle v. Boyle, 126 Iowa 167, 101 N. W. 748, 3 Ann. Cas. 575.

■ What now appears as Code section 11024 was first enacted in 1919 to apply to claims "arising or existing" prior to 1900. Ch. 270, Acts 38th G. A. By Chapter 189, Acts 41st G. A., the year 1915 was substituted for 1900. By Chapter 219, Acts 44th G.A., this date was changed to 1920. Even though this law first appeared in 1919, it seems never to have been construed by this court. No attack upon the validity of this statute is made by appellees.

Appellant and its grantor, Margaret Lane, held record chain of title since January 1, 1920, in fact since the deed from Nora Kinney in 1913. Appellant was in possession. It is to be noticed that section 11024 does not require that possession be for any definite period. Appellees have a claim to or interest in the land in question, even though contingent. Did their claim arise or exist prior to January 1, 1920? It is only such claims that are barred by the statute. The will of their grandfather, under which plaintiffs claim, was probated in 1895. The deeds purporting to convey the fee, executed prior to their birth, were inconsistent with their claims as was, of course, appellant's mortgage made in 1926. The two minors were born November 11, 1917, and June 10, 1919, respectively.

The word "arising," according to the dictionaries, means "originating" or "coming into being." See, too, 6 C. J. S. 334 et seq. While the term has sometimes been used in the sense of "accruing," it is more frequently distinguished therefrom. See Moran v. Moran, 144 Iowa 451, 461, 123 N. W. 202, 30 L. R. A., N. S., 898; 4 Words and Phrases, Perm. Ed., 10.

■ This court has repeatedly recognized that contingent

remaindermen have such an interest as a court of equity will protect and that title can be acquired against them by adverse possession, prior to the termination of the life estate. Ward v. Meredith, 186 Iowa 1108, 173 N. W. 246, and cases cited; Skelton v. Cross, 222 Iowa 262, 271, 272, 268 N. W. 499, 109 A. L. R. 129. The rule of these cases is largely based on Code section 12285 providing that "An action to determine and quiet the title of real property may be brought by anyone, whether in or out of possession, having or claiming an interest therein * * *."

It might be contended that plaintiffs' claim would not arise or exist until the death of Patrick Lane, since it is only upon the termination of the life estate that their interests would vest or become certain; that no one can be heir to the living. We believe such conclusion would be inconsistent with the rule to which we are definitely committed of Ward v. Meredith, Skelton v. Cross, supra, and the earlier cases cited in those decisions. If plaintiffs' claim has not yet arisen or is not now in existence, what right do they have to maintain this action? If they have a claim to the land in question (which can hardly be denied), when did it arise or come into existence, if not prior to 1920?

This court has held that a contingent remainder is such an interest as may be conveyed by deed or mortgage. McDonald v. Bayard Sav. Bk., 123 Iowa 413, 416, 98 N. W. 1025, 1026; Bogenrief v. Law, 222 Iowa 1303, 1311, 271 N. W. 229; John Hancock M. L. Ins. Co. v. Dower, 222 Iowa 1377, 1384, 271 N. W. 193.

We see no escape from the conclusion that the claim of the minor plaintiffs arose or existed prior to January 1, 1920, and that it is barred by the plain provisions of Code section 11024. It may be that the legislature did not intend this provision to apply to such a case as the present. However, as we view it, the language of the statute is plain and unambiguous. Nor are we concerned with the policy of the lawmakers in enacting this measure. We may observe, however, that there can be little doubt of the desirability of statutes giv-

ing greater effect and stability to record titles. We believe it our duty to enforce this statute as written. The trial court should have dismissed plaintiffs' petition.—Reversed.

CHIEF JUSTICE and all JUSTICES concur.