# IN THE SUPREME COURT OF IOWA

No. 11–0935

Filed June 21, 2013

**IN THE MATTER OF THE ESTATE OF LOIS L. HORD,** Deceased.

-------------------------------------------------------------------------------------

**IN THE MATTER OF THE CARL R. HORD TRUST**

**ANNE T. WALSH, KATHRYN TRABERT, GARY R. SHUCK, DONALD C. SHUCK, WILLIS E. SHUCK,** and **JOHN DALY,**

      Appellants,

vs.

**LARRY WAUGH,** Executor of the LOIS HORD ESTATE and Trustee of the CARL R. HORD TRUST,

      Appellee.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Monona County, James D. Scott, Judge.

The remainder beneficiaries of a will seek further review of a court of appeals decision invalidating their interests. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Christine B. Long and Amy R. Teas of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellants.

Patrick L. Sealey, Joel D. Vos, and Allyson C. Dirksen of Heidman Law Firm, L.L.P., Sioux City, for appellee.

**APPEL, Justice.**

In this case, we must consider whether remainder beneficiaries may enforce the terms of a spendthrift trust against the trustee when the remainder beneficiaries previously purported to convey what was at the time a future interest in real estate held by the trust. For the reasons expressed below, we hold that the applicable statute of limitations bars the remainder beneficiaries from enforcing the terms of the spendthrift clause of the decedent's will. As a result, we vacate the decision of the court of appeals and affirm the judgment of the district court.

## I. Background Facts and Prior Proceedings.

Carl and Lois Hord were husband and wife. They did not have children. The couple owned approximately 210 acres of farmland in Monona County as tenants in common. Carl died testate on June 18, 1992. His will was admitted to probate in the Monona County District Court on June 30.

Article VI of Carl's will created the Carl R. Hord Trust and directed that the residue of his estate, which consisted only of his undivided one-half interest in the farmland, be placed in it. Article VI named Lois and Larry Waugh, a longtime family friend and tenant on the farm, to serve as trustees. Article VI also named Lois as a life beneficiary of the trust and directed that, upon her death, the farmland would pass in equal shares to the couple's niece and five nephews.

Article VI also contained a spendthrift clause. Specifically, the spendthrift clause stated:

> No interest, under this Article, shall be transferable, assignable, or become subject to any encumbrances by any beneficiary, nor shall such interest be subject to the claims of any creditors of any beneficiary prior to the actual distribution by the Trustees to the beneficiary.

On May 20, 1993, the attorney for the Carl R. Hord Trust sent a letter to five of the six remainder beneficiaries of the trust. The letter informed them that the present value of their individual interests was $12,471.16 and that Lois, though not required to by law, had paid the $1247.12 inheritance tax owed by each of them. The letter also indicated the attorney's belief that Lois had spoken to each of the remainder beneficiaries about the possibility each might relinquish his or her interest in the farmland to Lois. Finally, the letter indicated Lois would not expect reimbursement for the amount of the inheritance tax if they transferred their interests to her.

Without consulting attorneys or reviewing Carl's will, five of the six remainder beneficiaries, Mary Ann Trabert, Gary Shuck, Donald Shuck, Willis Shuck, and John Daly, executed quitclaim deeds to Lois in September and October, which she promptly recorded. Waugh had no knowledge of Lois's correspondence with the five remainder beneficiaries or that they transferred their interests to Lois. The only duty Waugh performed as trustee was to petition for relief from filing intermediate reports. He did not read the terms of the trust until 2009, when Lois died.

Lois's will bequeathed her entire interest in the farmland to Waugh, including the remainder interests acquired from her niece and nephews.[1] Her will also appointed Waugh to serve as the executor of her estate. At the time, the value of Lois's interest in the farmland was $789,000. The niece and nephews received little from Lois's estate. There is nothing in the record to show that Waugh, acting as trustee of the Carl R. Hord Trust, conveyed the farmland to Lois's estate upon her death or to himself, as beneficiary under Lois's will.

---

[1]Waugh paid inheritance tax of $117,639.

Following Lois's death, the remainder beneficiaries obtained copies of Carl's will and, for the first time, learned of the spendthrift clause. The remainder beneficiaries filed a petition for construction and interpretation of the Carl R. Hord Trust on September 9, 2010. They also intervened in the probate action regarding Lois Hord's estate. The remainder beneficiaries argued the spendthrift clause rendered their assignments and quitclaim deeds void, that they did not have interests to convey at the time of the assignments and quitclaim deeds, and that Waugh, acting as trustee, breached his fiduciary duties to them by refusing to carry out the terms of the trust, by failing to administer the trust solely in the interest of the beneficiaries, and by engaging in self-dealing.

On April 21, 2011, citing the Restatement (Second) of Trusts and the Restatement (Third) of Trusts, the probate court concluded the remainder beneficiaries' assignments were revocable until the property was distributed from the Carl R. Hord Trust to Lois's estate. The probate court then held that the remainder beneficiaries' right to revoke their assignments terminated at Lois's death because equitable title immediately passed to Lois's estate upon the termination of the life estate. In addition, the probate court concluded the ten-year statute of limitations contained in Iowa Code section 614.17A did not bar the action because the remainder beneficiaries' cause of action did not arise until the termination of the life estate upon Lois's death.

On May 6, two of the remainder beneficiaries, Anne Walsh and Kathryn Trabert, the descendants of Mary Ann Trabert,[2] filed a motion to enlarge findings of fact and conclusions of law or in the alternative

---

[2]Mary Ann Trabert died in 2004.

motion for a new trial. The district court denied the motions on May 16. The remainder beneficiaries appealed on June 13.

We transferred the case to the court of appeals. The court of appeals reversed the district court. The court of appeals held the spendthrift clause operated to prohibit any transfer or assignment by the remainder beneficiaries of their rights to future payment from the trust and, as a result, their transfers were invalid. The court of appeals also rejected Waugh's defenses based upon the ten-year statute of limitations contained in Iowa Code section 614.17A. We granted further review.

## II.  Scope of Review.

Because this is not an action to set aside or contest a will, for the involuntary appointment of a guardian or conservator, or for the establishment of a contested claim, this probate matter, in which the court is asked to construe the effect of a spendthrift clause to determine whether it protects the assets of a trust from transfer or assignment by the remainder beneficiaries, is an equitable proceeding. *See* Iowa Code § 633.33 (2011). Accordingly, we review this action de novo. Iowa R. App. P. 6.907; *In re Estate of Serovy*, 711 N.W.2d 290, 293 (Iowa 2006). We give weight to the factual findings of the district court, but we are not bound to follow them. *In re Estate of Roethler*, 801 N.W.2d 833, 837 (Iowa 2011).

## III.  Timeliness of Appeal.

Waugh[3] challenges the timeliness of the remainder beneficiaries' appeal. Waugh points out that the district court entered its findings of fact, conclusions of law, and declaratory judgment on April 21, 2011. On May 6, two of the remainder beneficiaries, Anne Walsh and Kathryn

---

[3]Waugh is the trustee of the Charles R. Hord Trust, the executor of Lois's estate, and the beneficiary under Lois's will. In this appeal, Waugh has filed a consolidated brief presenting argument in all three of his capacities.

Talbot, filed their combined motion. The district court denied the motion on May 16.

The remainder beneficiaries filed their notice of appeal on June 13. According to Waugh, the notice of appeal was untimely. Waugh asserts that the motion filed by the remainder beneficiaries amounted to nothing more than a rehash of legal issues and that, as a result, it was not a valid rule 1.904(2) motion and did not toll the time for appeal. *See Explore Info. Servs. v. Ct. Info. Sys.*, 636 N.W.2d 50, 57 (Iowa 2001); *Bellach v. IMT Ins. Co.*, 573 N.W.2d 903, 905 (Iowa 1998); *Beck v. Fleener,* 376 N.W.2d 594, 596 (Iowa 1985); *see also* Iowa R. Civ. P. 1.904(2). To the extent the motion requested a new trial under Iowa Rule of Civil Procedure 1.1004, Waugh argues that while the prayer for relief essentially tacked on a request for a new trial, the motion did not specify any grounds for relief and, as a result, the tolling provisions of rule 6.101(1)(*b*) do not apply. *See* Iowa R. App. P. 6.101(1)(*b*) (generally requiring appeals in cases other than those involving the termination of parental rights or children in need of assistance to be filed within thirty days following the filing of the final order or judgment).

The remainder beneficiaries respond by asserting that their rule 1.904(2) motion did not simply rehash legal issues. They point out that the rule 1.904(2) motion asked the court to rule on the question of whether there was a valid distinction to be made between remainder beneficiaries who personally executed assignments and quitclaim deeds and Anne Walsh and Kathryn Trabert, who were survivors of Mary Ann Trabert and not involved in any transaction of any kind with Lois related to the trust prior to her death.

In the alternative, the remainder beneficiaries argue the motion was a valid motion for a new trial. According to the remainder

beneficiaries, the motion for a new trial raised a number of issues, including the claims related to Waugh's breach of fiduciary duty and the court's failure to distinguish between the descendants of Mary Ann Trabert and the other beneficiaries of the trust.

Upon review of the record, we conclude that the remainder beneficiaries filed a timely appeal. With respect to rule 1.904(2), we note the trial court did not explicitly rule on the question of whether the descendants of Mary Ann Trabert should be treated differently than the other remainder beneficiaries. We conclude that on this issue, the motion did seek expanded findings and conclusions. As a result, the period for appeal was extended by the filing of the motion and this appeal is timely.

**IV. Statute of Limitations.**

**A. Introduction.** The dispositive issue in this case is whether Iowa Code section 614.17A bars the remainder beneficiaries from enforcing the terms of the trust. Section 614.17A prohibits actions "to recover or establish an interest in or claim to real estate" if:

> *a.* The action is based upon a claim arising more than ten years earlier or existing for more than ten years.
>
> *b.* The action is against the holder of the record title to the real estate in possession.
>
> *c.* The holder of the record title to the real estate in possession and the holder's immediate or remote grants are shown by the record to have held chain of title to the real estate for more than ten years.

Iowa Code § 614.17A(1). The statute further provides that if a claimant files a statement describing the real estate, setting forth the nature and extent of the claimed interest, and setting forth the facts giving rise to the claim, the limitations period is extended for an additional ten years. *Id.*

§ 614.17A(2). Accordingly, the statute bars actions to recover or establish interests in or claims to real estate in two situations: if the claim arose more than ten years previously, *see id.* § 614.17A(1)(*a*), or if a ten-year extension period expired without the claimant filing a statement triggering an additional ten-year extension, *id.* § 614.17A(2).

**B. Positions of the Parties.** The remainder beneficiaries do not claim they took any action to extend the statute of limitations in this case. The key statute of limitations question is thus whether the remainder beneficiaries' claims arose or existed more than ten years prior to the time they filed this action. *See id.* § 614.17A(1)(*a*).

Waugh asserts that because the remainder beneficiaries' assignments and quitclaim deeds were executed and delivered in 1993, they were required under section 614.17A(1) to bring any action challenging them by 2003. According to Waugh, the question of when the statute of limitations begins to run is controlled by when the interest was created, not when it became a current possessory interest.

The remainder beneficiaries argue their claims arose upon Lois's death in 2009 because the conveyances and quitclaim deeds were void as violations of the spendthrift clause in Carl's will and because Waugh was not obligated to distribute the farmland until Lois died. According to the remainder beneficiaries, their cause of action arose only when Waugh became obligated by the terms of the trust to distribute the farmland to them. Under their reasoning, the statute would not bar the action.

**C. Discussion.** Iowa Code section 614.17A is a marketable title statute that applies to real estate claims maintained after July 1, 1992. Its predecessor statute has been described as the pioneering marketable title provision in the country. *Chi. & N.W. Ry. v. City of Osage*, 176 N.W.2d 788, 793 (Iowa 1970); *Tesdell v. Hanes*, 248 Iowa 742, 747, 82

N.W.2d 119, 122 (1957). Section 614.17A and its predecessors generally bar actions based on claims arising or existing prior to a certain date if the record title holder and his predecessors held a record chain of title since the certain date and the claimant failed to preserve his claim by filing a statement by another certain date. Iowa Code § 614.17A; Note, *The Mechanics of Iowa's Marketable Title Legislation*, 22 Drake L. Rev. 326, 326–30 (1973) [hereinafter *The Mechanics of Iowa's Marketable Title Legislation*] (explaining application of section 614.17). The marketable title statutes grew out of efforts around the turn of the century by the legislature and this court to give "stability and effect to record titles." Lewis M. Simes & Clarence B. Taylor, *The Improvement of Conveyancing by Legislation* 306–09 (1960) [hereinafter Simes].

We addressed the issue of when a claim arose within the meaning of Iowa Code section 614.17, which contains wording similar to Iowa Code section 614.17A but applies to claims arising before 1980, in *Lane v. Travelers Insurance Co. of Hartford*, 230 Iowa 973, 299 N.W. 553 (1941). In *Lane*, a testator who died in 1895 devised his farm to his son, Patrick, for life, with the remainder to Patrick's heirs. *Id.* at 974, 299 N.W. at 553. Patrick mortgaged the farm to Travelers Life Insurance Company in 1926. *Id.* at 975, 299 N.W. at 554. In 1938, Travelers foreclosed the mortgage, received a sheriff's deed, and claimed full title to the property. *Id.* At the same time, Patrick, along with his two minor children, born in 1917 and 1919, filed suit to void the deed. *Id.* at 975, 977, 299 N.W. at 554–55.

We considered whether a predecessor to section 614.17 barred the actions of the minors. *Id.* The statute barred any " 'action based upon any claim arising or existing prior to January 1, 1920 . . . unless within one year from and after July 4, 1931' " a statement describing the

interest is filed. *Id.* at 976, 299 N.W. at 554 (quoting Iowa Code § 11024 (1939)). Travelers argued the claims of Patrick's children, who held a contingent remainder interest from their grandfather's will, arose when they were born, which triggered the limitations period. Patrick, citing that he had yet to die, argued the claim of his sons to the land had yet to arise or exist because their interests would not vest or become certain until the termination of the life estate. *Id.* at 978, 299 N.W. at 555.

We held the claims of the two minor contingent remainder beneficiaries arose or existed prior to 1920 and no written statement contemplated by the statute was ever filed on their behalf. Thus, the plain provisions of the statute barred the claims. *Id.* at 976, 978, 299 N.W. at 554–55. We noted a definitional distinction between a claim that arises and a claim that accrues. *Id.* at 977, 299 N.W. at 555. We also relied on precedent recognizing that contingent remainder beneficiaries held protectable interests prior to the termination of the life estate and recognizing that such interests could be conveyed. *Id.* at 978, 299 N.W. at 555. Finally, we noted the legislature may not have intended the result in the case, but nonetheless viewed our holding as stemming from the "plain and unambiguous" language of the statute. *Id.* In addition, we observed "that there can be little doubt of the desirability of statutes giving greater effect and stability to record titles." *Id.* at 978–99, 299 N.W. at 555.

Thus, the focus in *Lane* was on the date the remainder beneficiaries' claimed interest came into existence and not on the date a cause of action accrued on their interest. We applied the rule of *Lane* in *Lytle v. Guilliams*, 241 Iowa 523, 529, 41 N.W.2d 668, 672 (1950), where we held section 614.17 barred the claims of the heirs of two remainder beneficiaries. In *Lytle,* a decedent died in 1910. *Id.* at 524, 528 N.W.2d

at 669. The decedent's will gave his wife a life estate in his farmland, with remainder interests to his three children. *Id.* at 524–25, 41 N.W.2d at 669–70. The life beneficiary and one of the remainder beneficiaries gave a mortgage on the property in 1928. *Id.* at 525, 41 N.W.2d at 669. The mortgage was foreclosed in 1939, and Guilliams purchased the farm at a sheriff's sale. *Id.* The life beneficiary died in 1947. *Id.*

The heirs of two of the remainder beneficiaries filed an action in 1948 against the purchaser. *Id.* The purchaser asserted section 614.17 as a defense. *Id.* At the time, it provided that no action based upon a claim existing prior to January 1, 1930, could be maintained against a record title holder in possession unless the claimant had filed a statement of his claim by July 4, 1944. *Id.* at 529, 41 N.W.2d at 671 (citing Iowa Code § 614.17 (1946)). Citing *Lane*, we noted the remainder beneficiaries' interests existed before 1930 and that they had not filed a statement of their claim with the county recorder. *Id.* at 529, 41 N.W.2d at 672. Ultimately, we held section 614.17 did not bar the action because the purchaser's chain of title did not meet the statutory requirement. *Id.* However, citing *Lane*, we noted the statute would otherwise have been applicable because the remainder beneficiaries' interests existed before 1930 and they had not filed a statement of their claim with the county recorder. *Id.*

Under *Lane* and *Lytle*, therefore, a claim under section 614.17 arises or exists on the date the instrument creating the interest was recorded. *Lytle,* 241 Iowa at 529, 41 N.W.2d at 671; *Lane,* 230 Iowa at 978, 299 N.W. at 555; *see also* Simes at 315. Thus, for the purposes of section 614.17, a claim involving a future interest arises or exists when the interest appears of record, not when it vests, becomes possessory, or becomes actionable. Simes at 315. Our decision as to when a claim

arises under section 614.17 was criticized by at least one commentator, but even that critic noted the decision represented "the maximum sacrifice . . . to attain the simplified title and conveyancing procedure envisioned by the [marketable title act]." Paul M. Basye, *Trends & Progress—The Marketable Title Acts*, 47 Iowa L. Rev. 261, 270. Our interpretation of section 614.17 has also been described as "interesting." Simes at 314. At least two other jurisdictions, Florida and Alabama, have indicated a statute of limitations will run before a future interest becomes possessory because the holder of a future interest can bring suit to remove a cloud on title. 4 John A. Borron, Jr., *Simes & Smith: The Law of Future Interests* § 1964, at 247 & nn.7–8 (3d ed. 2005); *see also Lewis v. Belk*, 122 So. 413, 414 (Ala. 1929); *Mullan v. Bank of Pasco Cnty.*, 133 So. 323, 329 (Fla. 1931).

We think *Lane* and *Lytle* are controlling here. The real battle in this case is not between the remainder beneficiaries and Waugh in his role as trustee, but rather between the remainder beneficiaries and Waugh in his role of executor of Lois's estate. Both the remainder beneficiaries and the estate claim interests in the disputed real estate. Lois's estate claims entitlement to the disputed real estate through the recorded quitclaim deeds received from the remainder beneficiaries seventeen years ago, while the remainder beneficiaries claim that the recorded quitclaim deeds are void and that Iowa Code section 614.17A is not implicated. Yet, Lois Hord's claimed interest in the real estate has been spread on the real estate records for more than ten years without dispute. Under the circumstances, we believe that Iowa Code chapter 614.17A clears title to the real estate in favor of the estate of Lois Hord because more than ten years have elapsed from the recording of the quitclaim deeds.

**V. Conclusion.**

For the reasons expressed above, the claims of the remainder beneficiaries are barred by the applicable statute of limitations. Accordingly, we vacate the decision of the court of appeals and affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**