# IN THE COURT OF APPEALS OF IOWA

No. 16-1463
Filed September 27, 2017

**WEST LAKES PROPERTIES, L.C.,**
    Plaintiff-Appellee,

**vs.**

**GREENSPON PROPERTY MANAGEMENT, INC.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

Greenspon Property Management, Inc., appeals from a district court order on summary judgment finding its right of first refusal unenforceable under Iowa Code section 614.17A (2016). **AFFIRMED.**

Timothy C. Hogan and Courtney I. Schultz of Hogan Law Office, Des Moines, for appellant.

Nathan J. Barber and Stephen H. Locher of Belin McCormick, P.C., Des Moines, for appellee.

Considered by Potterfield, P.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

Nearly twenty years after granting Greenspon Property Management, Inc., a right of first refusal to purchase real estate in Urbandale, property owner West Lakes Properties, L.C., initiated an action to quiet title, asking the district court to declare Greenspon's right void under Iowa Code section 614.17A (2016). The district court granted West Lakes' motion for summary judgment, reasoning the right of first refusal was no longer enforceable because Greenspon failed to follow the statutory recording requirements. Greenspon challenges the district court's order on two grounds, contending: (1) section 614.17A applies only to claims against real estate and cannot invalidate a claim arising under contract and (2) inequities result from applying section 614.17A to the facts of this case. Because the right of first refusal is an interest in real estate within the meaning of section 614.17A and we may not overlook the language of the governing statute, we affirm the ruling of the district court.

## I. Facts and Prior Proceedings

The relevant facts are not in dispute. In early 1997, Greenspon entered into an agreement to purchase an undeveloped parcel of land in Urbandale from West Lakes. An addendum to the purchase agreement provided Greenspon with the right of first refusal to purchase a portion of an adjacent lot. Greenspon recorded notice of both the sale and the right of first refusal with the Polk County Recorder's Office shortly thereafter. The right-of-first-refusal notice provided that upon receiving and accepting "a bona fide offer for the sale of any or all" of the subject property, West Lakes would be required to present the offer to

Greenspon, which would have twenty days to purchase the property under the same terms.

In the ensuing years, West Lakes remained the record title holder to the adjacent lot, and Greenspon had no opportunity to exercise its right of first refusal.

On April 11, 2016, West Lakes filed a petition in equity to quiet title to the adjacent lot, alleging Greenspon had not filed a verified claim under Iowa Code section 614.17A on or before ten years after the original filing of the right-of-first-refusal notice and asking the district court to find Greenspon "is forever barred and estopped from having or claiming any right, title, or interest to or in" the property. In an answer filed on May 24, Greenspon admitted it had not filed a verified claim under section 614.17A, but it denied its right of first refusal was void or unenforceable.

Just over two weeks later, West Lakes filed a motion for summary judgment. While Greenspon did not file its own motion for summary judgment, its counsel asserted at the summary judgment hearing: "Both sides really feel it's a legal issue." Following the hearing, the district court granted West Lakes' motion. Greenspon now appeals.

## II. Scope and Standard of Review

Because actions for quiet title lie in equity, our review is generally de novo. *See Garrett v. Huster*, 684 N.W.2d 250, 253 (Iowa 2004). But "[r]eview of a case in equity resulting in summary judgment is for correction of errors at law." *Keokuk Junction Ry. Co. v. IES Indus., Inc.*, 618 N.W.2d 352, 355 (Iowa 2000).

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Iowa R. Civ. P. 1.981(3). Here, the parties agree there is no dispute as to the underlying facts. Accordingly, we are left to determine only whether the district court correctly applied the law.

### III. Analysis

### A. Application of Iowa Code section 614.17A

Greenspon first argues section 614.17A "cannot be used to void a contract containing a right of first refusal because the plain language of the statute makes it applicable only to claims against real estate." Greenspon alternatively asserts, assuming section 614.17A precludes it from seeking specific performance of the right of first refusal, the district court overreached in voiding the right-of-first-refusal contractual provision, effectively preventing Greenspon from seeking monetary damages for any future breach of contract. West Lakes responds that under established Iowa law, a right of first refusal is an interest in real estate, bringing it within the purview of section 614.17A. West Lakes argues Greenspon failed to preserve its second claim for our review.

We first consider whether section 614.17A applies to a right of first refusal. Iowa Code sections 614.14 to 614.38 and their predecessors are marketable title statutes "designed to shorten the period of search required to establish title in real estate and give effect and stability to record titles by rendering them marketable and alienable—in substance to improve and render less complicated the land transfer system." *Chi. & N.W. Ry. Co. v. City of Osage*, 176 N.W.2d 788, 793 (Iowa 1970). Section 614.17A(1) provides "[a]fter July 1, 1992, an

action shall not be maintained in a court, either at law or in equity, in order to recover or establish an interest in or claim to real estate" if: (1) the claim arose or had been in existence for more than ten years, (2) the action is against the record-title holder to the real estate in possession, and (3) the record-title holder and his or her immediate or remote grantors have held chain of title to the real estate for over ten years. But by filing with the county recorder "a written statement which is duly acknowledged and definitely describes the real estate involved, the nature and extent of the right of interest claimed, and the facts upon which the claim is based," a claimant can "extend for a further period of ten years the time within which such action may be brought." Iowa Code § 614.17A(2). To preserve a claim beyond that ten-year period, the claimant must file an extension every ten years. *Id.*

The parties do not dispute that Greenspon's right of first refusal arose more than ten years ago, that West Lakes has been the holder of record title to the relevant real estate for more than ten years, or that Greenspon failed to file a statement to extend the limitations period. The sole issue before us is whether the right of first refusal is "an interest in or claim to real estate" within the meaning of section 614.17A.

We conclude Greenspon's right of first refusal falls within the scope of the statute as an "interest in" real estate. In reaching this conclusion, we note the Restatement (Third) of Property describes rights of first refusal as "servitudes

that directly restrain alienation of interests in land."[1]  Restatement (Third) of Property: Servitudes § 3.4 cmt. b (Am. Law Inst. 2000).  It is also telling that our supreme court has held a right of first refusal—otherwise known as a preemption—is subject to the statutory rule against perpetuities and the common law rule against restraints on alienation.  *See Trecker v. Langel*, 298 N.W.2d 289, 291 (Iowa 1980) (explaining both rules "share the common objective of keeping property freely alienable"); *see also* Iowa Code § 558.68 (providing rule against perpetuities applies to "nonvested interest[s] in property"); *cf. In re Estate of Claussen*, 482 N.W.2d 381, 385 (Iowa 1992) (characterizing option agreements[2] as "executory interests in property").  Because Iowa's marketable title act likewise shares the goal of improving the system for transferring real property, we believe first-refusal rights should be subject to its recording demands.[3]  *See generally* Restatement (Third) of Property: Servitudes § 3.4 (Am. Law Inst. 2000)

---

[1] A servitude is defined as "a legal device that creates a right or an obligation that runs with land or an interest in land."  Restatement (Third) of Property: Servitudes § 1.1 (Am. Law Inst. 2000).

[2] Options and rights of first refusal are similar in nature.  Both "operate as a restraint on alienation, but [rights of first refusal] do so in an undefined and indefinite way."  *Malone v. Flattery*, No. 10-0904, 2011 WL 444853, at *3 (Iowa Ct. App. Feb. 9, 2011).  While a right of first refusal "merely requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the [right of first refusal]," an option holder has "the power to compel an unwilling owner to sell."  *Knepper v. Monticello State Bank*, 450 N.W.2d 833, 836 (Iowa 1990).  A right of first refusal ripens into an option only when the owner elects to sell.  *See Myers v. Lovetinsky*, 189 N.W.2d 571, 576 (Iowa 1971).

[3] Moreover, our conclusion is in line with a majority of the jurisdictions that have considered the nature of the right of first refusal.  *See Ferrero Constr. Co. v. Dennis Rourke Corp.*, 536 A.2d 1137, 1139 (Md. 1988) ("The vast majority of courts and commentators have held that rights of first refusal, which are more commonly known as 'preemptive rights,' are interests in property and not merely contract rights. . . .  [T]he pre-emptioner acquires an equitable interest, which will vest only when the property owner decides to sell."); *see also* Heather M. Marshall, Note, *Instead of Asking "When," Ask "How": Why the Rule Against Perpetuities Should Not Apply to Rights of First Refusal*, 44 New Eng. L. Rev. 763, 773–74 & 773 n.68 (2010) (acknowledging a majority of jurisdictions have treated the right of first refusal as a property interest and collecting cases).

("Lengthy periods for exercise of rights of first refusal will . . . substantially affect alienability of the property. Potential buyers will be deterred by the possibility that they may not know for a lengthy period of time whether they will obtain the property or be obligated to pay the price.").

Greenspon's property interest arose when the parties reached a contractual agreement regarding the right of first refusal on the adjacent lot. *See In re Estate of Hord*, 836 N.W.2d 1, 7 (Iowa 2013) ("[A] claim involving a future interest arises or exists when the interest appears of record, not when it vests, becomes possessory, or becomes actionable."). Greenspon properly recorded the first-refusal right in 1997, which preserved its interest for a period of ten years. *See* Iowa Code § 614.17A(2). Because Greenspon did not file an extension at the expiration of that ten-year period, its right of first refusal is no longer enforceable.

We decline to reach Greenspon's second claim because we find Greenspon failed to preserve it for our review. Greenspon may not urge a theory on appeal it did not present to the district court. *See Valley Brook Dev., Inc. v. City of Bettendorf*, 580 N.W.2d 730, 731 (Iowa 1998). As West Lakes observes: "Before the district court, Greenspon never mentioned bifurcation of remedies or a possible claim for breach of contract damages—indeed, it literally never uttered the word 'damages' either in briefing or oral argument . . . ." And after the district court issued its summary-judgment ruling, Greenspon did not file a motion to modify the ruling under Iowa Rule of Civil Procedure 1.904(2). Because Greenspon raises this issue for the first time on appeal, we decline to address it.

### B.     Equitable Considerations

Finally, Greenspon asserts application of section 614.17A to the facts of this case would be inequitable.  But "[a]bsent constitutional concerns, it is not for courts to overlook the language of a statute to reach a particular result deemed unjust under the particular circumstances of a case."  *Martin v. Martin*, 720 N.W.2d 732, 738 (Iowa 2006).  Because Greenspon identifies no concern that would permit us to disregard the language of section 614.17A, we are bound by its terms.

Accordingly, we affirm the ruling of the district court.

**AFFIRMED.**