# IN THE SUPREME COURT OF IOWA

No. 18–0261

Filed June 12, 2020

**IN THE MATTER OF THE ESTATE OF SANDRA R. FRANKEN,**
Deceased.

**JOHN E. ROTTINGHAUS** and **DESSIE ROTTINGHAUS,**

Appellants,

vs.

**LINCOLN SAVINGS BANK,** Fiduciary of the Estate of Sandra R. Franken,

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

On further review, appellants challenge an adverse grant of summary judgment on their claim for breach of a right of first refusal. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

Larry J. Thorson of Ackley, Kopecky & Kingery, L.L.P., Cedar Rapids, for appellants.

Mark A. Roberts (until withdrawal), Chad D. Brakhahn, Jared F. Knight, and Brian J. Fagan of Simmons Perrine Moyer Berman PLC, Cedar Rapids, for appellee.

**McDONALD, Justice.**

John and Dessie Rottinghaus filed a claim in the estate of John's sister, Sandra Franken f/k/a Kipp. The Rottinghauses sought contract damages on the ground the estate sold certain real estate in violation of the Rottinghauses' right of first refusal to purchase the real estate. The executor disallowed the claim and moved for summary judgment on the ground the claim was barred by the limitations period set forth in Iowa Code section 614.17A (2016). The district court granted the estate's motion. On appeal, the Rottinghauses contend the district court erred in holding section 614.17A barred their claim.

I.

The facts are not disputed. In 1973, the Rottinghauses sold a portion of the farm owned by Dessie to Sandra and James Kipp as husband and wife and as joint tenants with full rights of survivorship. Sandra and James granted the Rottinghauses a right of first refusal to purchase the property. The right of first refusal was reserved within the deed, and it provided as follows:

> Grantees hereby agree that they will not sell or otherwise convey the premises described above to any person other than grantors without first giving grantors the opportunity to purchase the premises at a price equal to any bona fide offer to purchase the premises made by any other person. In the event any person offers to purchase the said premises from the grantees, the grantees shall notify the grantors immediately and grantors shall have fifteen (15) days to purchase the property at the same price as offered.

Only James signed the deed. The deed containing the right of first refusal was recorded in 1973. The Rottinghauses never refiled or renewed the right of first refusal.

Twenty-eight years later, in 2001, James passed away. Sandra subsequently married Bennett Franken. In 2005, Sandra executed a

quitclaim deed, conveying the property to herself and Bennett as joint tenants in common with full rights of survivorship. Both Sandra and Bennett signed the deed. Five years later, in 2010, the couple executed a warranty deed, conveying the real estate from themselves to Sandra, as sole titleholder.

Sandra passed away in 2014. Sandra bequeathed a life estate in the property to Bennett. In 2015, Bennett died, and the life estate extinguished, leaving Sandra's estate as the sole titleholder of the real estate. In April 2016, Sandra's estate entered into a purchase agreement to sell the property to a third party. The executor of the estate did not notify the Rottinghauses of the purchase agreement or impending sale. In May 2016, the estate sold the property to the third party in exchange for $195,000. The Rottinghauses learned of the sale when they saw the buyer removing a fence near their property.

In July 2016, the Rottinghauses filed a claim in the probate estate. The Rottinghauses alleged the estate breached the "contract, covenant and restriction granting [them] a right of first refusal with respect to the . . . real estate." They sought monetary damages in the amount of $195,000 plus interest at the statutory rate. The Rottinghauses claimed they were ready, willing, and able to purchase the property.

The executor disallowed the claim and moved for summary judgment, claiming Iowa Code section 614.17A barred the Rottinghauses' claim. Generally speaking, "the statute bars actions to recover or establish interests in or claims to real estate in two situations: if the claim arose more than ten years previously, or if a ten-year extension period expired without the claimant filing a statement triggering an additional ten-year extension." *In re Estate of Hord,* 836 N.W.2d 1, 5 (Iowa 2013) (citation omitted). In the estate's memorandum in support of the motion for

summary judgment, it argued the Rottinghauses' claim was an action to recover or establish an interest in or claim to real estate and was thus barred by section 614.17A, as interpreted in *West Lakes Properties, L.C. v. Greenspon Property Management, Inc.*, No. 16–1463, 2017 WL 4317297, *1 (Iowa Ct. App. Sept. 27, 2017). In their resistance to the motion for summary judgment, the Rottinghauses argued they were "not maintaining an action '. . . to recover or establish any interest in or claim to real estate . . . against the holder of the record title to the real estate in possession.' " They further argued section 614.17A "deals with the real estate aspects of the claim filed by the Rottinghauses in this case, not the contract aspects of the damage they suffered from breach of contract damages." They further argued section 614.17A does not apply because they were "not asking for an interest in the real estate nor have they asked the Court to recover their interest in the property." In its reply brief on summary judgment and at the hearing on the motion for summary judgment, the estate argued the language of the statute cut off both the claim to possession of the real estate and the claim for damages. The Rottinghauses disputed the estate's argument.

The district court granted the motion for summary judgment. The district court considered the Rottinghauses' argument that the statute applies only to a claim to establish an interest in real estate and not a claim for damages:

> Claimants are not asking for an interest in the real estate nor are they asking to recover their interest in the property but are seeking contractual damages not only as a right in the real estate but also contractual damages between the parties. . . . The Estate argues that Iowa Code section 614.17A bars actions in law and equity and that the statute of limitations in section 614.17A bars this case.

The district court rejected the Rottinghauses' distinction between an action to recover or establish any interest in or claim to real estate against the holder of the record title to the real estate in possession and an action for damages. Relying on *West Lakes*, the district court concluded the statute of limitations precluded the Rottinghauses' claim for damages:

> A right of first refusal falls within the scope of Iowa Code section 614.17A as an interest in real estate. *West Lakes Properties, L.C. v. Greenspon Property Management, Inc.*, 2017 WL 4317297 (Iowa App. Sept. 27, 2017). The Right of First Refusal was recorded in 1973 but Claimants did not file a statement with the recorder to extend the period of ten years when required by Iowa Code section 614.17A(2). As such, the Court finds the Right of First Refusal is no longer enforceable. Therefore, Claimants are barred from enforcing the real estate interest created in the 1973 deed.

The Rottinghauses timely filed this appeal. We transferred the case to the court of appeals. A divided court of appeals affirmed the judgment of the district court. Relying on *West Lakes*, the court of appeals reasoned section 614.17A rendered the right of first refusal unenforceable. *See Rottinghaus v. Lincoln Sav. Bank*, No. 18–0261, 2019 WL 1938656, at *2 (Iowa Ct. App. May 1, 2019). The dissenting judge concluded section 614.17A did not apply here because the statute bars only actions to recover or establish a possessory interest in or claim to real estate and not actions for breach of contract seeking monetary relief. *See id.* at *4 (Vogel, C.J., dissenting). We granted the Rottinghauses' application for further review.

## II.

Our review is for the correction of legal error. *See Baker v. City of Iowa City*, 867 N.W.2d 44, 51 (Iowa 2015). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). The party seeking summary judgment has the burden of establishing that the facts are undisputed and that the "party is entitled to a judgment as a matter of law." *See Estate of Harris v. Papa John's Pizza*, 679 N.W.2d 673, 677 (Iowa 2004) (quoting Iowa R. Civ. P. 1.981(3)). "When a motion for summary judgment is made and [properly] supported . . . , [the opposing] party may not rest upon the mere allegations or denials in the pleadings . . . ." Iowa R. Civ. P. 1.981(5); *see Bitner v. Ottumwa Cmty. Sch. Dist.*, 549 N.W.2d 295, 299 (Iowa 1996). Instead, the resisting party must set forth specific material facts, supported by competent evidence, establishing the existence of a genuine issue for trial. *See Bitner*, 549 N.W.2d at 299. "A fact is material if it will affect the outcome of the suit, given the applicable law." *Parish v. Jumpking, Inc.*, 719 N.W.2d 540, 543 (Iowa 2006). An issue of fact is "genuine" if the evidence would allow "a reasonable jury [to] return a verdict for the nonmoving party." *Fees v. Mut. Fire & Auto. Ins.*, 490 N.W.2d 55, 57 (Iowa 1992). It is well established that "[s]peculation is not sufficient to generate a genuine issue of fact." *Nelson v. Lindaman*, 867 N.W.2d 1, 7 (Iowa 2015) (quoting *Hlubek v. Pelecky*, 701 N.W.2d 93, 96 (Iowa 2005)).

## III.

We first address whether the district court erred in concluding Code section 614.17A bars the Rottinghauses' claim.

## A.

The Rottinghauses first contend the estate waived the affirmative defense set forth in section 614.17A when it failed to assert the affirmative defense in its first responsive pleading—the notice disallowing the Rottinghauses' claim—and instead raised the defense for the first time in its motion for summary judgment. We disagree.

A party who fails to raise an affirmative defense in its responsive pleading may do so in a motion for summary judgment so long as the opposing party is not prejudiced. This action arises in probate. The probate code provides the personal representative of an estate "shall move or plead [in response to a] claim in the same manner as though the claim were a petition filed in an ordinary action." Iowa Code § 633.444. "[T]hereafter, all provisions of law and rules of civil procedure applicable to motions, pleadings and the trial of ordinary actions shall apply . . . ." *Id.* Under the rules of civil procedure and our case law, "a party relying upon the statute of limitations as a defense must specifically plead that fact and . . . also show the facts constituting the bar." *Cuthburtson v. Harry C. Harter Post No. 839 of the V.F.W.*, 245 Iowa 922, 928, 65 N.W.2d 83, 87 (1954). However, our case law also holds an affirmative defense can also be raised in the first instance in a motion for summary judgment so long as there is no prejudice to the opposing party. *See McElroy v. State*, 637 N.W.2d 488, 497 (Iowa 2001) ("Furthermore, a defendant may first raise an affirmative defense in a motion for summary judgment as long as the plaintiff is not prejudiced."); *Stahl v. Preston Mut. Ins. Ass'n*, 517 N.W.2d 201, 202 (Iowa 1994) ("A limitations of action defense may be raised by affirmative defense and motion for summary judgment.").

We cannot conclude the Rottinghauses suffered prejudice. The district court's determination seems reasonable under the circumstances presented. The Rottinghauses filed their claim in probate in July 2016. The only claim raised by the Rottinghauses was the alleged violation of their right of first refusal. Within the time allotted for answer, the administrator of the estate disallowed the claim. The matter was set for hearing in December 2017, and the estate raised their defense two months prior to that hearing date. The Rottinghauses' ability to recover damages

for an alleged breach of the right was the only thing at issue. The district court, having familiarity with the probate proceeding, concluded the affirmative defense was properly raised and properly before the court. We see no error in its conclusion.

B.

We now address the merits of the estate's affirmative defense. In their brief, the Rottinghauses identify the issue as follows: "The language of Iowa Code § 614.17A (or § 614.24) should not bar this action[.]" In its brief, the estate "agree[d] error was preserved" on this argument. As do we. The question of whether 614.17A bars only an action to recover or establish any interest in or claim to real estate against the holder of the record title to the real estate in possession and not an action for damages was squarely presented to and decided by the district court. Also squarely presented to the district court was the issue of whether the statute, as interpreted in *West Lakes*, barred the Rottinghauses' claim for damages. The district court held that it did. The court of appeals, also relying on *West Lakes*, held the statute bars the action for damages. We conclude this was erroneous.

> We have described a right of first refusal, or preemption, as follows:

> Unlike an "option," a preemption does not give the preemptioner the power to compel an unwilling owner to sell. A preemption merely requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the preemption. Once the owner decides to sell the property, the preemption ripens into an option. The preemptioner may then elect to buy the land. If the preemptioner decides not to buy, then the owner may sell to anyone.

*Riley v. City of Hartley*, 565 N.W.2d 344, 346 (Iowa 1997) (quoting *Knepper v. Monticello State Bank*, 450 N.W.2d 833, 836–37 (Iowa 1990)).

We begin our inquiry with the text of the statute. Using traditional interpretive tools, we seek to determine the ordinary and fair meaning of the statutory language at issue. *See State v. Davis*, 922 N.W.2d 326, 330 (Iowa 2019) ("We give words their ordinary meaning absent legislative definition."); *In re Marshall*, 805 N.W.2d 145, 158 (Iowa 2011) ("We should give the language of the statute its fair meaning, but should not extend its reach beyond its express terms."). In determining the ordinary and fair meaning of the statutory language at issue, we take into consideration the language's relationship to other provisions of the same statute and other provisions of related statutes. *See* Iowa Code § 4.1(38) ("Words and phrases shall be construed according to the context and the approved usage of the language . . . ."); *State v. Doe*, 903 N.W.2d 347, 351 (Iowa 2017) (stating we consider the "relevant language, read in the context of the entire statute"). If the "text of a statute is plain and its meaning clear, we will not search for a meaning beyond the express terms of the statute or resort to rules of construction." *In re Estate of Voss*, 553 N.W.2d 878, 880 (Iowa 1996); *see State v. Richardson*, 890 N.W.2d 609, 616 (Iowa 2017) ("If the language is unambiguous, our inquiry stops there.").

Here, "the language of the statute is plain and unambiguous." *Lane v. Travelers Ins.*, 230 Iowa 973, 978, 299 N.W. 553, 555 (1941). The statute bars "an action . . . to recover or establish an interest in or claim to real estate" only if "all the following conditions are satisfied." Iowa Code § 614.17A(1). First, "[t]he action is based upon a claim arising more than ten years earlier or existing for more than ten years." *Id.* § 614.17A(1)(*a*). Second, "[t]he action is against the holder of the record title to the real estate in possession." *Id.* § 614.17A(1)(*b*). Third, "[t]he holder of the record title to the real estate in possession and the holder's immediate or remote

grantors are shown by the record to have held chain of title to the real estate for more than ten years." *Id.* § 614.17A(1)(*c*).

The statute bars only those actions seeking to recover or establish an interest in or claim to real estate. This conclusion is dictated by the statutory text. The statute provides that an action shall not be maintained to "recover or establish an interest in or claim to real estate." *Id.* § 614.17A(1). A party pursuing an action only for damages for breach of contract does not seek to recover or establish an interest or claim to real estate. Instead, the party pursuing an action only for damages seeks monetary relief in lieu of recovering or establishing an interest in or claim to real estate. The statute does not at all address an action for monetary damages arising out of a real estate agreement. The district court and the court of appeals erred in relying on *West Lakes* and holding otherwise.

The district court and court of appeals erred in relying on *West Lakes* for an additional reason. The statute provides a defense only where "[t]he action is against the holder of the record title to the real estate in possession." *Id.* § 614.17A(1)(*b*). In this case, the action is against the estate. The estate sold the property to a third party prior to the commencement of this action. The Rottinghauses' action is thus not one "against the holder of the record title to the real estate in possession." *Id.* As the Rottinghauses argued in the district court, the statute is simply inapplicable here. *See Tesdell v. Hanes*, 248 Iowa 742, 748–49, 82 N.W.2d 119, 120–23 (1957) ("Only those who possess a title which complies with the conditions of [section 614.17A] are qualified to invoke its aid.").

Our conclusion that section 614.17A applies only to actions seeking to recover or establish an interest in or claim to real estate filed against the holder of the record title is consistent with the purpose of the statute. "Iowa Code section 614.17A is a marketable title statute that applies to

real estate claims maintained after July 1, 1992.  Its predecessor statute has been described as the pioneering marketable title provision in the country." *Hord*, 836 N.W.2d at 5.  The purpose of the statute and its predecessor statutes is "to give 'stability and effect to record titles.' " *Id.* at 6 (quoting Lewis M. Simes & Clarence B. Taylor, *The Improvement of Conveyancing by Legislation* 306–09 (1960)); *see Chi. & N.W. Ry. v. City of Osage*, 176 N.W.2d 788, 793 (Iowa 1970) (recognizing 614.17A's predecessor statute as part of a series of statutes to "improve and render less complicated the land transfer system").  "[T]here can be little doubt of the desirability of statutes giving greater effect and stability to record titles." *Lane*, 230 Iowa at 978–79, 299 N.W. at 555.  Actions seeking to recover or establish an interest or claim to property against the holder of the record title to the real estate in possession create instability in record titles.  Only those actions implicate the purpose of the statute.  And only those actions should be limited by this statute.

IV.

The estate contends even if the district court erred in holding section 614.17A bars the Rottinghauses' claim, the judgment can be affirmed on additional grounds advanced but not decided in the district court.  As a general rule, "[i]f we disagree with the basis for the court's ruling, we may still affirm if there is an alternative ground, raised in the district court and urged on appeal, that can support the court's decision." *Ostrem v. Prideco Secure Loan Fund, LP*, 841 N.W.2d 882, 904 (Iowa 2014) (quoting *Fencl v. City of Harpers Ferry*, 620 N.W.2d 808, 811–12 (Iowa 2000) (en banc)).  The estate advances four alternative grounds to affirm the district court's decision: (1) the Rottinghauses' contract claim merged into the deed; (2) the Rottinghauses' claim is barred by the statute of frauds; (3) the Rottinghauses' claim fails as a matter of law because they cannot establish

the existence of a contract; and (4) the Rottinghauses' claim is barred by the statute of limitations set forth in Iowa Code section 614.1(5). We address each in turn.

A.

The estate first argues the Rottinghauses' breach of contract claim fails because the contract merged into the deed. "The broad rule is that a contract to convey land presumptively becomes merged in the subsequent deed executed in performance thereof and that the deed speaks and the contract is silent as to all matters of conflict between them." *Phelan v. Peeters*, 260 Iowa 1359, 1362, 152 N.W.2d 601, 602 (1967); *see Gray v. Van Gordon*, 187 Iowa 835, 839, 174 N.W. 588, 590 (1919) ("The execution of the deed presumably is the consummation of the contract, and parties thereafter look only to the deed for conditions of the transfer . . . ."). "The rule has many qualifications, one of which is that collateral agreements or conditions not incorporated in the deed or inconsistent therewith will be deemed to survive for the purpose of enforcement." *Tamm, Inc. v. Pildis*, 249 N.W.2d 823, 836 (Iowa 1976) (quoting *Phelan*, 260 Iowa at 1362, 152 N.W.2d at 602).

The merger doctrine provides the estate with no relief. The Rottinghauses do not seek to enforce any collateral agreements or conditions not incorporated into the deed. To the contrary, the contractual right of first refusal is contained in the deed. The Rottinghauses seek damages for a violation of their contractual right of first refusal as expressed in the deed. The merger doctrine does not bar their claim for relief.

B.

The estate argues the statute of frauds precludes the Rottinghauses' contract claim. "The Iowa statute of frauds does not render oral promises

invalid. Rather, the statute is a rule of evidence that renders incompetent oral proof of such promises." *Olson v. Nextel Partners, Inc.*, 317 F. Supp. 2d 972, 978 (S.D. Iowa 2004). The statute provides:

> Except when otherwise specially provided, no evidence of the following enumerated contracts is competent, unless it be in writing and signed by the party charged or by the party's authorized agent:
>
> . . . .
>
> 3. Those for the creation or transfer of any interest in lands, except leases for a term not exceeding one year.

Iowa Code § 622.32(3). Sandra did not sign the deed containing the right of first refusal. Instead, the deed was signed by her first husband, James. Thus, the estate argues, the contract claim fails.

The argument is not availing. "The provisions of section 622.32, subsection 3, do not apply where the purchase money, or any portion thereof, has been received by the vendor, or when the vendee, with the actual or implied consent of the vendor, *has taken and held possession of the premises under and by virtue of the contract*, or when there is any other circumstance which, by the law heretofore in force, would have taken the case out of the statute of frauds." *Id.* § 622.33 (emphasis added). The deed conveyed the property to "James Kipp and Sandra Kipp, husband and wife." Sandra, as a vendee, took and held possession of the real estate by virtue of the contract. The statute of frauds does not apply here. *See Gilbert v. Plowman*, 218 Iowa 1345, 1346–49, 256 N.W. 746, 746–48 (1934) (finding that a deed with no grantee signature, and where the grantee gave no valuable consideration, was excluded from the statute of frauds).

## C.

The estate also argues Code section 614.17A indirectly bars the Rottinghauses' claim for damages. The estate argues:

> Iowa Code § 614.17A . . . indirectly bars Appellants' claim because it precludes them from "establish[ing] a . . . claim to real estate." Iowa Code § 614.17A provides that an action may not be maintained "to recover or establish an interest in or claim to real estate." In order to prove a breach of contract, Appellants must first prove "(1) the existence of a contract [and] (2) the terms and conditions of the contract." *Iowa Arboretum, Inc. v. Iowa 4-H Foundation*, 886 N.W.2d 695, 706 (Iowa 2016).
>
> But in this case, proving the existence of and terms and conditions of the right of first refusal necessarily requires Appellants to first "establish" a right of first refusal exists. Iowa Code § 614.17A plainly prohibits Appellants from "establish[ing] an interest in or claim to real estate," and accordingly Appellants cannot prove a breach of contract as a matter of law.

This argument does not entitle the estate to any relief. The estate confuses two separate things. The estate is certainly correct that the Rottinghauses must first establish a right of first refusal exists as a prerequisite to seeking damages for the violation of the right. However, the estate is mistaken that section 614.17A precludes the Rottinghauses from the establishing the right of first refusal. Nothing in the statute extinguishes the right of first refusal or otherwise bars a plaintiff from establishing such a right exists. Instead, as we concluded in division III.B. of this opinion, section 614.17A is a statute of limitations that bars a certain type of action to enforce a possessory interest in real estate. The statute does not extinguish the underlying right itself. Given that the Rottinghauses' right of first refusal is contained in the deed, they have established the right.

D.

Finally, the estate argues the statute of limitations in Code section 614.1(5) bars the Rottinghauses' damages action. That provision provides, as relevant here, that actions on written contracts must be brought within ten years. *See* Iowa Code § 614.1(5)(*a*). The estate argues Sandra

breached the right of first refusal in 2005 when she conveyed the property to herself and her husband Bennett.

We do not think the estate's statute of limitations argument entitles it to any relief. The specific claim presented in this appeal is whether the estate breached the right of first refusal when it sold the property to a third party in 2016 without first offering the Rottinghauses the option of matching the sale. That action clearly falls within the statute of limitations.

V.

For these reasons, we conclude the district court erred in granting the estate's motion for summary judgment.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

All justices concur except Appel, J., who concurs specially.

**APPEL, Justice (specially concurring).**

I agree on the procedural issue that the Franken estate could raise the issue of statute of limitations in a motion for summary judgment. I write separately, however, on questions of issue preservation.

The first substantive question addressed by the majority is whether the action was "to recover or establish" an interest in real estate. Although the question of whether the action is one "to recover or establish" was presented to the district court, and thus was preserved below, the question was not directly addressed in the Rottinghauses' brief on appeal. The phrase "recover or establish" does not appear anywhere in the Rottinghauses' brief. The failure to make an argument based upon this language raises a potential question of waiver. *See State v. Cooley*, 608 N.W.2d 9, 13–14 (Iowa 2000) (en banc).

The majority accurately notes that the Rottinghauses in their appellate brief stated in a heading that the issue in the case was as follows: "The language of Iowa Code [section] 614.17A (or [section] 614.24) should not bar this action[.]" A reference to "the language" of a section of the Code that "bars" the action is not an argument, but a conclusion. Indeed, in *Cooley*, we expressly declined to address claims in a conclusory header when a criminal defendant failed to articulate any arguments in support of the claim. *Cooley*, 608 N.W.2d at 13; *see also* Iowa R. App. P. 14(*a*)(3).

As a general proposition, I do not think a vague reference to a statute that contains three sections and multiple subsections with a number of potential issues means that all potential statutory issues are raised on appeal. *See Cooley*, 608 N.W.2d at 13. Further, although the majority establishes that the "recover or establish" issue was raised below, the preservation of error in the district court does not mean an argument

cannot be waived on appeal. *See* Iowa R. Civ. P. 14(*a*)(3); Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice,* 55 Drake L. Rev. 39, 67 (2006) ("Assuming one has properly preserved an issue at trial, one must properly present the issue on appeal.").

But while the Rottinghauses did not expressly cite the statutory term "to recover or establish," I conclude that they at least impliedly raised the specific issue in their appellate brief. They emphasized that the right of first refusal was not a reversion or use restriction. Although not stated in clear statutory terms, the point of the no reversion, no use restriction discussion was to show that the Rottinghauses' claim was not an effort to recover or establish an interest in real estate. We do not require a specific verbal formulation to preserve error when the issue can be fairly gleaned from the language used by a party.

Therefore, while I think a general reference to the statute in a header may not be sufficient to preserve a specific statutory claim, the Rottinghauses did more than simply make a conclusory claim in a header ambiguously based on a multifactored statute. I therefore conclude that the recover or establish claim has been preserved. On the merits of the claim, I agree with the handling of the matter by the majority.

The second substantive question addressed is whether the case involves a claim against "the holder of the record title" to the real estate in possession. I do not understand the need to address the second issue, as the first issue is dispositive in this appeal.

In any event, there is a preservation issue here, too. Unlike the "to recover or establish issue," the Rottinghauses argued the issue in their main brief; therefore, the problem is not one of waiver on appeal. The estate, however, responded that the "holder of the record title" issue was

not presented to or ruled upon by the district court. According to the estate, the claim was thus "forfeited" by the Rottinghauses.

In response to the forfeiture claim of the estate, the Rottinghauses did not contest the assertion by the estate that the "holder of the record title" issue was not presented to or ruled upon by the district court. Instead, the Rottinghauses sole response to the preservation claim was the asking of the rhetorical question in their reply brief: "Can the plain language of the statute be asserted *at any time*?" The Rottinghauses then assert in a heading that "[t]he plain language of the statute may be asserted *at any time.*" (Emphasis added.) While they raise the "at any time" theme in their heading in their reply brief, they make no claim that they actually litigated the issue below or obtained a ruling on the issue from the district court. Instead, they state, "This is not some hidden language that the Claimants are raising but is contained on the face of the statute. The Court should take judicial notice of the language of the statute and interpret in accordingly."

If it were necessary to decide this second issue to resolve this appeal, I would address the issue actually presented by the parties, namely, are "plain language" statutory claims exempt from our ordinary preservation rules through some kind of judicial notice theory. The answer to that question, it seems, is no. Citing *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002), the court of appeals declined to address the holder of the record title issue as unpreserved. I doubt that there is a majority of this court who would use judicial notice of statutory language as a vehicle to preserve issues on appeal.

Except for the above issues, I agree with the majority's approach to other issues in this case. Because I agree that the "recover or establish"

claim was preserved and is dispositive in this case, I concur in the result reached by the majority.